WHITMAN, RECEIVER, *v.* WELLER.

SUPREME COURT.—*Record.*—*Agreement.*—As a general rule, counsel cannot, by agreeing to a change of the record on appeal, present to the Supreme Court a question different from that which appears by the record to have been decided in the court below.

PRACTICE.—*Inspection of Books and Papers.*—Section 306, 2 G. & H. 191,

relates simply to obtaining, by rule or order of court, inspection and copy of a book or paper in the hands of a party, without any reference to its production in court.

SAME.—*Production of Books and Papers in Court.*—Under section 305, 2 G. & H. 191, to justify an order for the production of a book or paper, it should be shown to be in the hands of the party against whom such order is asked.

SAME.—*Order of Court.*—An order for the inspection or production of a book or paper in the hands of a party should specify and designate with reasonable certainty the book or paper, that such party may know what book or paper is to be inspected or produced.

SAME.—An order to inspect or produce books or papers should not be made in such terms as to license the party obtaining it to search the books and papers of his adversary at pleasure; nor should an order be made to produce books or papers which may be of no use when produced.

SAME.—*Motion.*—Upon a motion to produce in court certain books and papers, the court cannot order generally all the books and papers of a corporation to be produced.

SAME.—*Copies of Documents.*—If a copy of books or papers, or the parts thereof shown to be material, be furnished under order of court, with consent to its use as evidence, the court need not, except for special reasons, compel the production of the originals.

SAME.—*Dismissal of Action.*—The court may dismiss the action of a party refusing to obey an order to produce a book or paper.

APPEAL from the Allen Common Pleas.

DOWNEY, J.—This action was instituted by the appellant against the appellee on a premium note given by him to the insurance company, of which appellant was receiver. The action was dismissed by the court, over the objection of the plaintiff, and he excepted and put the facts on which the court acted in the record by a bill of exceptions.

A written motion was filed by the defendant, as follows:

"The defendant moves the court for an order on the plaintiff for the production in this court, and for an inspection, of the original books of said Sinnissippi Insurance Company, and copies of the same, in relation to the said assessments referred to in the complaint; also the amount of premium notes heretofore held, or now held, by said company, what notes have been compromised and settled, the losses by fire allowed and entered on said books, the amount previously assessed and collected upon the premium

notes of the defendant and other members of said company; also the amount of expenses and costs entering into and forming part of the assessment of twenty per cent. ordered to be made by the court appointing said receiver."

This motion was supported by an affidavit of the defendant, stating "that he verily believes he has a good defence to this action; that material to said defence are the books of the said insurance company, showing the assessments referred to in the complaint in this case; also showing the amount of premium notes held by said company at the date of the appointment of said receiver and the amount now held; also the amount paid on the same, the amount of said notes heretofore compromised and settled; also showing the losses by fire allowed and entered on said books, the amount of all assessments and collections upon the premium notes held by said company, including that of this affiant; also the amount of expenses and costs which have entered into and made a part of said assessments; also the amount of expenses and costs entering into and forming a part of said assessment of twenty per cent., ordered to be paid by the court appointing said receiver. Affiant further says that he believes that said books will show that said receiver has no cause of action against this defendant, and that he cannot show said facts by any other evidence; and he further says that he verily believes that said books are in the possession and under the control of said plaintiff."

On this application, as the bill of exceptions shows, the court ordered that the plaintiff should produce in open court, within ten days, all the books of the said corporation. Counsel have, however, by agreement, amended or changed that part of the record reciting the bill of exceptions, so as to make it show that the court ordered the production in court of "the books containing the records called for by the defendant's motion" only.

The plaintiff offered, in discharge of the rule, certain transcripts of assessments from the books of the company, which the court held insufficient, and on the defendant's mo-

tion, for disobedience of the rule, dismissed the plaintiff's action.

We think we must look to the bill of exceptions, as certified by the judge of the court from which the appeal is taken, to ascertain what was decided, and what the order was, which was made by that court, and we must decide whether that order was or was not correct. As a general rule, counsel cannot, by consenting to a change of the record, present to this court a question different from that which was decided below. This court sits to review legal questions which have been decided by the courts from which appeals are taken, and not to decide questions presented here for the first time.

Section 306 of the civil code is as follows:

"The court, or a judge thereof, may, under proper restrictions, upon due notice, order either party to give the other, within a specified time, an inspection and a copy of any book or part thereof, paper or document in his possession, or under his control, containing evidence relating to the merits of the action, or the defence therein; if compliance with the order be refused, the court, on motion, may exclude such evidence, or punish the party refusing, or both."

Section 305 provides, that "the court or judge thereof may, upon motion, compel by order, either party to produce, at or before the trial, any book, paper, or document in his possession or power; the order may be made upon application of either party, upon reasonable notice to the adverse party, or his attorney,—if not produced, parol evidence may be given of their contents." 2 G. & H. 191.

These sections relate to different things. The 306th relates simply to the obtaining of an inspection and a copy of the book or paper, without any reference to its production in court. The 305th section relates to the production of the book, paper, or document in court, at or before the trial.

The right to inspect private books and papers is sometimes an important one in the administration of justice, and yet the exercise of it is of such a delicate nature, that the

courts should carefully guard against its abuse. If a party has good reason to believe that a book or paper in the possession of his adversary contains evidence in his favor, and his adversary refuses to allow an inspection of it and the taking of a copy, the court may, on a proper showing, compel the adversary to allow such inspection and copy. I Greenl. *Ev.*, sec. 559. If the document or book be one which, for reasons of public policy or other sufficient reason, the party should not be compelled to exhibit, the exemption may be shown in answer to the rule or order.

To justify an order, under section 305, for the production of a book or paper, it should be shown that the book or paper is in the hands of the party against whom the order is asked. The order should specify, with reasonable certainty, the book or paper which is to be produced. It has been held by this court, that the court may, as a punishment of a party disobeying such an order, dismiss his action. *Silvers* v. *The Junction Railroad Company*, 17 Ind. 142.

It is quite clear that the order in this case cannot be sustained. The court could not, under the motion and showing which were made, order the production of all the books of the corporation. And then, again, we are of the opinion that the motion and affidavit did not sufficiently designate the books which were to be produced. An order, either for the inspection of books and making copies, or for their production in court, should so specify or describe them, that the party who is to furnish inspection or produce the books may know what books are to be inspected or produced. The order should not be made in such terms as to operate as a license to the party obtaining it to search the books and papers of his adversary at pleasure, or to require him to produce books which may be of no use when produced.

If a copy of the book or paper, or the part shown to be material, has been furnished, or shall be furnished, under the order of the court, with consent to its use as evidence, the court need not, except when special reasons exist, compel the production of the original. Bicknell Civ. Pr. 306. If

it be impossible or improper for the party against whom the order has been made to produce the book or paper, the facts may be shown, as we have seen, in discharge of the rule. 1 Greenl. Ev., sec. 559 and note 5.

In this case, the copies produced were not a sufficient compliance with the rule. But the order made was erroneous, for the reasons stated, and it was therefore wrong to dismiss the plaintiff's action for non-compliance with it.

The judgment is reversed, with costs, and the cause remanded, with instructions to reinstate the case, and for further proceedings.

WORDEN, J., having been of counsel in the cause, was absent.

*A. Zollars, J. E. McDonald, J. M. Butler*, and *E. M. McDonald*, for appellant.

*W. H. Coombs* and *W. H. H. Miller*, for appellee.