14300

BOYKIN v. HERMITAGE COTTON MILLS *ET AL.*

(185 S. E., 863)

September, 1935.

366

368

374

378

*Messrs. Murdoch M. Johnson* and *Robinson & Robinson,* for appellant,

*Messrs. Wittkowsky & Wittkowsky,* for respondent, 

May 21, 1936.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The defendant Hermitage Cotton Mills brings its appeal to this Court upon several exceptions from an order for discovery, issued by Hon. G. Duncan Bellinger, Circuit Judge, of date September 30, 1935, and from a subsequent order, dated October 12, 1935, in which a modification of the first order was refused.

The appellant excepts (eighth exception) to that portion of the Circuit Court order (Paragraph 3, Subdivision a), which requires it to deposit with the Clerk of the Court the minutes of the directors of the said corporation for a period covering approximately eleven years, whether they relate to its dealings with the Hermitage Warehouse Company or not.

In our opinion, the scope of the order in this respect is too broad and all-inclusive. Surely, only comparatively few of these minutes contain any reference to the warehouse company. If discovery were allowed to this extent, the petitioner would obtain a great mass of confidential matter, wholly irrelevant to his cause of action. Private records of the Hermitage Cotton Mills, unrelated to the warehouse company, would be opened before him, with resultant damage to the appellant, and with no advantage to the petitioner in the preparation of his pleadings. We can see no reasonable

justification for adopting a course which would inevitably result in a fishing expedition.

Necessarily, in proceedings of this kind, no specific rule can be formulated which will be adequate for all situations. Always the facts and circumstances vary in the particular cases presented. In their consideration of the question, Courts have been, and must be, largely governed by general rules.

It was held in *Wells v. Holman*, 115 S. C., 443, 106 S. E., 224, 225: "It must be assumed that the exercise of the discretion lodged in the circuit judge will prevent an abuse of this privilege in an attempt to embark upon a 'fishing excursion' or to pry into the private concerns of the adversary."

In our view, the order of discovery should be limited and confined to such minutes and the portions thereof as refer to the Hermitage Warehouse Company. The right to inspect private books and papers is often an important matter in the administration of justice, but the exercise of the right is of such a delicate nature that the Courts should carefully guard against its abuse. *Whitman v. Weller*, 39 Ind., 515.

By Exception 11 the appellant assigns error with reference to the requirement contained in Paragraph 3, Subdivision c, of the order, having to do with the production of certain correspondence therein referred to. This provision of the order, in our opinion, should remain intact, except that it should be modified to provide that the appellant shall not be required to produce for inspection any confidential communications, if there be any, between it and its attorneys, concerning the Hermitage Warehouse Company. Furthermore, while we think it proper to require that all letters received from, and copies of letters written to, the warehouse company be produced by the appellant, concerning the matters mentioned in the order, this requirement should not be extended to letters received by the appellant

"from any other parties whatsoever," and written "to any other parties whatsoever", relating to the same subject-matter. This provision goes too far afield.

Exception 12 assigns error of law to the Circuit Judge ■ in requiring the appellant (Paragraph 3, Subdivision d) to furnish to the plaintiff a copy of the contract between this defendant and the Bay Company; the alleged error being that this contract has nothing to do with the plaintiff's cause of action, and, being of a confidential nature, is not subject to an order of discovery in a procedure of this kind, and its publication would work irreparable harm to this defendant.

In its verified return to the motion for discovery, the appellant submitted as a part thereof a copy of a certain contract of date March 1, 1932, entered into between it and the Hermitage Warehouse Company, and it called attention to the fact that in this contract there is a recitation that property of the Hermitage Cotton Mills is under option to the Bay Company, and it asserts that this recital is incorrect; that the Bay Company has no option upon the physical property of the cotton mills, but that it has an option on some stock of the individual stockholders; and that the Bay Company has no connection with the Hermitage Cotton Mills which would affect in any way the relations of the cotton mills with the warehouse company.

In its petition for a modification of the order, the appellant, in the effort to protect from publication this confidential agreement, requested leave to deliver the original contract between itself and the Bay Company to the Court so that the Court might examine the contract for the purpose of ascertaining if it had any connection whatever with the Hermitage Warehouse Company, or with regard to any contemplated action by the plaintiff.

In view of this candid offer of inspection made by the appellant, and the positive sworn statement in its return that the contract in question has absolutely no connection with

the warehouse company, and upon the further consideration that its publication might prove most injurious and embarrassing to either or both of the contracting parties, without being of any aid to the plaintiff, this portion of the order should be stricken out.

The return of the appellant sufficiently discloses the nature of the Bay Company's option, showing that it cannot conceivably be material to any cause of action that petitioner might have. Instead of being an option upon the physical properties of the cotton mills it is an option upon the holdings of the cotton mills' stockholders.

We do not see how such a contract could in anywise affect the rights of the petitioners. Its publication might result in the greatest harm to appellant, and its worth to the petitioner has not been demonstrated.

We have given careful consideration to all of the exceptions, and overrule all of them except Nos. 8, 11, and 12. The orders appealed from are affirmed and made the judgment of this Court, except as herein modified.

Let the order of his Honor, Judge Bellinger, of date September 30, 1935, be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.