14414

FLOYD v. VICTORY SAVINGS BANK

(189 S. E., 462)

*Mr. N. J. Frederick,* for appellant,

*Messrs. C. T. Graydon* and *Robinson & Robinson,* for respondent,

January 13, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The recital of the facts which gave rise to this litigation, and its nature and proceedings, will take more time than it will take to dispose of the issues involved in it.

The action is brought by the plaintiff as the executor of the will of her deceased husband, G. L. Floyd, against Victory Savings Bank, seeking an accounting by the bank of the disposition by it of a fund which went into its hands under the following conditions:

During his lifetime G. L. Floyd became indebted to the bank in various sums, which in the aggregate amounted to a sum the exact amount of which is not stated. That as collateral security for the payment of the said debt, or debts,

G. L. Floyd deposited with the bank certain insurance policies, which, on information and belief, amounted to the sum of $19,792.12. That under and by the terms of said assignment, according to plaintiff's information and belief, these debts due the Victory Savings Bank were to be paid out of this fund.

That, on information and belief, the remainder of said fund, after paying these debts, must be disposed of under and by the terms of the will of G. L. Floyd; that the Victory Savings Bank received under this assignment not less than $19,792.12 from the proceeds of the policies of insurance, and has paid out of it the sum of $7,710.00, leaving a balance in the hands of the Victory Savings Bank of $12,-132.12; that although plaintiff as executrix has made demand for an accounting to show how the said sum was paid out, and the surrender of the securities and evidences of the debts so paid, the Victory Savings Bank refuses to accede to said demand.

That plaintiff cannot properly account to the Probate Court, nor properly administer the estate of said G. L. Floyd, without a proper accounting of said Victory Savings Bank. Plaintiff asks that such an accounting be ordered and that any papers which are the property of the estate of G. L. Floyd be delivered to plaintiff as executrix.

The prayer of the complaint is for judgment for such accounting; that all amounts due to the estate of G. L. Floyd be paid to plaintiff as executrix; that all proper documents and evidences of debt be forthwith surrendered to plaintiff as executrix.

To this complaint the defendant, Victory Savings Bank, interposed a demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action; that it does not appear that plaintiff as executrix has the right to administer the sum mentioned in the complaint; that plaintiff is not the real party in interest, the will having exempted the said sum from administration by plaintiff

by providing that it be placed in the hands of a trustee therein named, to whom the defendant must account when the settlement is made. That it does not appear that the defendant has liquidated the indebtedness of G. L. Floyd.

Judge Bellinger, in a short order, overruled the demurrer, and thereupon Victory Savings Bank filed its answer, by which it set up: A general denial; admission of the citizenship of plaintiff and the corporate capacity of the bank. It admits the indebtedness of G. L. Floyd to the bank, and the amount of the insurance policies held by it, but denies that the policies were deposited as collateral security, but that defendant was beneficiary of the policies by the action of G. L. Floyd to liquidate his indebtedness to the bank. It admits that whatever sum is left after paying the debts of G. L. Floyd to the bank must be disposed of by it in accordance with the will of G. L. Floyd. That in accordance with the will, the bank has dealt with the trustee named therein; the will is made a part of the answer and attached thereto; that a partial report has been made to the trustee, to whom all papers *"involved in the settlement was delivered,* belonging in any way to the said G. L. Floyd."

The defendant, further answering, says it has no relation with the plaintiff; that the will directs it to deal with the trustee therein named. See particularly Item V. When it has done that, its duty has been performed; it is not concerned with the duties of the said trustee. That since the policies of insurance definitely name the beneficiaries therein, they are not a part of the corpus of the estate to be administered by the executrix.

Attached to the answer as Exhibit 1 is a copy of the will of G. L. Floyd. Item V thereof is the crucial point, upon the consideration and construction of which turn the vital issues of the case. It is reproduced here for convenience in referring to it; "Item V. The Victory Savings Bank of Columbia is now the assignee of my life insurance policies in the aggregate sum of about Ten Thousand ($10,000.00)

Dollars, for the purpose of securing certain debts due by me to it; after the collection by it of the amounts due under said policies and the liquidation of said debts, I direct that it, the said bank, turn the balance over to N. J. Frederick of Columbia, in trust, for the purpose of adjusting and paying up the mortgage indebtedness of mine to C. T. Graydon, Esq., after which whatever balance there be, save One Hundred ($100.00) Dollars, which the said trustee shall retain as compensation, which be paid over to my said wife at closing of the estate."

Plaintiff gave notice to N. J. Frederick, as counsel for Victory Savings Bank, and individually and as trustee under the terms of the will of G. L. Floyd, that it would apply to Judge Bellinger for an order making N. J. Frederick, individually and as trustee under the will of George L. Floyd, a party defendant to this suit. For an order of discovery permitting the plaintiff, her attorneys and such accountants as she may desire, to examine the books, records, files, papers, and accounts of the Victory Savings Bank, and of N. J. Frederick, individually and as trustee under the will of George L. Floyd, which pertain in any way to the assets of the late George L. Floyd in the hands of the Victory Savings Bank or of N. J. Frederick, or which relate in any way to the indebtedness of George L. Floyd to the Victory Savings Bank. For an order requiring Victory Savings Bank and N. J. Frederick to forthwith deliver over to the plaintiff all evidences of indebtedness of George L. Floyd to the Victory Savings Bank, or to any other person, firm, or corporation which have been paid in whole or in part from the insurance monies on the life of George L. Floyd. For an order permitting the filing of an amended summons and an amended supplemental complaint after discovery has been had, setting up the claims of the plaintiff against the Victory Savings Bank and against N. J. Frederick, individually and as trustee under the will of George L. Floyd.

These motions were based upon the affidavit of C. T. Graydon, Esq., plaintiff's attorney, and such evidence as

was offered at the hearing. The affidavit set forth the facts herein above appearing in the complaint, demurrer and answer of the Victory Savings Bank; that there had been furnished to deponent, as attorney for plaintiff, what purported to be a list of the indebtedness of George L. Floyd to the bank; other than this statement, deponent has been unable to get from the bank or N. J. Frederick any information regarding the account between the bank and Floyd and his estate, or the accounts between N. J. Frederick, trustee, and George L. Floyd. That by its answer Victory Savings Bank appears to have paid out of the insurance money approximately $11,000.00 or $12,-000.00, but the bank and N. J. Frederick have failed, and refuse, to turn over to plaintiff as executrix, or to this deponent, any of the notes or mortgages alleged by the bank to have been paid by it out of the insurance money; and the bank and N. J. Frederick, trustee, also have failed, and refuse, to turn over to plaintiff a certain bond and mortgage paid out of the insurance money to this deponent; due to him by George L. Floyd; the mortgage has been cancelled by deponent and delivered to N. J. Frederick, trustee. That in an action brought by Rosa L. Floyd against the Victory Savings Bank in the County Court to recover the balance due on the savings account of Rosa L. Floyd in the bank, it has set up in its answer that this balance of some $1,-800.00 was taken by it with the consent of the late George L. Floyd, which, if true, would show further payments by George L. Floyd to the bank, and would leave a corresponding amount of the insurance moneys subject to be accounted for by the bank and N. J. Frederick. That from information in the hands of plaintiff and this deponent, the deponent is entitled to ascertain definitely the indebtedness of G. L. Floyd to Victory Savings Bank, and in order to file a supplemental pleading for the balance due from these funds, it is necessary to have access to the records of the bank and of N. J. Frederick, showing what balance, if any, was due to the Victory Savings Bank by George L. Floyd. Wherefore

deponent asks that the Court grant a bill of discovery in accordance with the notices attached, and that N. J. Frederick in his individual and trust capacity be made a party to this suit.

The Victory Savings Bank and N. J. Frederick, trustee, made reply to this affidavit, by the affidavit of their attorney, N. J. Frederick, which affidavit is more an argument than an affidavit. It sets forth that the deponent is made, by the will of George L. Floyd, trustee of certain funds therein named, and to perform certain duties prescribed by the will; that he has entered upon the performance of these duties which have not yet been completed; that under said will, plaintitiff, as executrix, was intrusted with certain duties, which are independent of those intrusted to deponent. That under the terms of the will no fiduciary relation is created between the plaintiff and the defendant, the bank, which empowers the plaintiff to bring this action for an accounting; on the contrary, the will specifically provides against such relation; that plaintiff is not entitled in any other capacity to maintain this action. That plaintiff is not entitled to an order for discovery because she has been guilty of laches in making application for such order, and because the affidavit is insufficient (1) in that there is no showing that there was an application for inspection, a refusal, and due notice given; (2) no showing that inspection is necessary for accounting, only an opinion stated indicating that only a "fishing" expedition is sought; (3) that the affidavit is made by an attorney and not by plaintiff. That the proceedings are not in accordance with Rules 43 and 44, Circuit Court of South Carolina, "nor the law governing such." That as an individual N. J. Frederick and plaintiff have no relation whatsoever, and that officially N. J. Frederick has the right to discharge his duties under the will of G. L. Floyd with defendant, and without any direction or supervision of plaintiff or any one else, until the same have been carried out; that N. J. Frederick has no paper belonging to the estate of G. L. Floyd, which can be termed as asset

of that estate; all such papers have been placed in the hands of plaintiff. That this action is premature for the reason that neither the defendant nor the trustee has been able to complete the business under the will of G. L. Floyd, nor has any final accounting been made. That plaintiff has begun another action, as an individual, against the defendant, which, if she is successful, would have an important bearing on the question of the indebtedness of G. L. Floyd to the defendant, and would cause serious injury to the defendant, as showing an additional defalcation of G. L. Floyd which should be paid out of the insurance money.

There are set out, in the record, the complaint and answer of Victory Savings Bank in the action by Rosa L. Floyd in her individual capacity against Victory Savings Bank; they are not reproduced here, as we do not consider them relevant to the issues to be determined herein.

From the order of Judge Bellinger granting the bill of discovery and making N. J. Frederick, individually and as trustee, party defendant to this action, the defendant Victory Savings Bank and N. J. Frederick, individually and as trustee, appeal.

There are four exceptions, but one of them has four subdivisions, and two of them have three subdivisions each. In his brief appellants' attorney states the questions which he considers to be submitted for answer, as follows:

1. Under the will of G. L. Floyd and the pleadings, is it the duty of the appellant to account to respondent?

2. If there is a right to an accounting vested in her, is not this action premature?

3. Under the will of G. L. Floyd is there not a fiduciary relation created between appellant bank and the trustee therein named, and, if so, is not the trustee the only person entitled to an accounting?

4. Must not an application for an order of discovery comply with Circuit Court Rules 43 and 44?

5. Did not the presiding Judge grant the order of discovery improvidently, the same not being in accord with Circuit Court Rule 45?

It will not be necessary to discuss these questions *seriatim,* but all of them shall have consideration.

Rules 43, 44 and 45 of the Circuit Courts of the State provide the method by which a bill of discovery shall be applied for, and the proceedings to be followed if the bill is granted. They are as follows:

"43. Application for Discovery—How Made—Applications may be made in the manner provided by law to compel the production and discovery of books, papers and documents relating to the merits of any civil action pending in this Court or any defense in such action in the following cases:

"1. By the plaintiff, to compel the discovery of books, paper or documents in the possession or under the control of the defendant which may be necessary to enable the plaintiff to frame his complaint or to answer any pleading of the defendant.

"2. The plaintiff may be compelled to make the like discovery of books, papers or documents when the same shall be necessary to enable the defendant to answer any pleadings of the plaintiff.

"3. Either party may be compelled to make discovery, as provided by Section 673 of the Code of Civil Procedure.

"44. Moving Papers—What to State—The moving papers upon the application for such discovery shall state the facts and circumstances on which the same is claimed, and shall be verified by affidavit stating that the books, papers and documents whereof discoverey is sought are not in the possession nor under the control of the party aplpying therefor. The party applying shall show to the satisfaction of the Court or Judge the materiality and necessity of the discovery sought and the particular information which he requires.

"45. Order of Discovery.—Discovery may be compelled by requiring the party to produce and deposit the matters

to be discovered with the clerk for the county in which the trial is to be had, or by requiring him to deliver sworn copies thereof to the moving party, or in such other manner as may be directed by the Court. The order therefor shall specify the mode of making the discovery and the time within which it is to be made; and when papers are required to be deposited the order shall specify the time the deposit shall continue."

Some of the exceptions challenge the manner in which the application is made and contend that no sufficient showing was made to justify the granting of the bill. Rule 44 requires that the applicant "show to the satisfaction of the Court or Judge the materiality and necessity of the discovery sought and the particular information which he requires."

We think the papers submitted to Judge Bellinger are amply sufficient to show to his satisfaction that plaintiff is entitled to have granted a bill of discovery in the premises.

The cardinal error on the part of the appellants lies in their misconstruction and application of Item V of the will of George L. Floyd.

Appellant's counsel contends that respondent has no sort of right to inquire into how the Victory Savings Bank, as assignee of the insurance policies of G. L. Floyd, and N. J. Frederick, as trustee under the will of some of the proceeds of said policies, dispose of such funds. In other words, they contend that they have exclusive control and disposition of such funds, and have no relation thereabout with any other persons, and are accountable only to each other.

This contention is untenable. Item V of the will provides that the Victory Savings Bank holds certain life insurance policies of the testator as securities for the payment of debts due it by the testator, and provides further that, "after the collection by it of the amounts due under said policies *and the liquidation of said debts, I direct that it, the said bank,*

*turn the balance over to N. J. Frederick of Columbia, in trust, for the purpose of adjusting and paying up the mortgage indebtedness of mine to C. T. Graydon, Esq."* (Italics added.) The balance to be paid to his wife at the close of the estate.

The function of the Victory Savings Bank is to collect the moneys due on the insurance policies assigned to it by G. L. Floyd, and pay the debts which he owed the bank. It is a strange suggestion that because the balance of such funds is to be paid N. J. Frederick, as trustee, for a specific purpose, therefore the executrix of the will has no right to require of the bank that it show her that the money of the testator, so placed in the hands of the bank, has been properly applied to the payment of debts actually and legally due to it by G. L. Floyd. Item II of the will directs the executor to pay the testator's debts (evidently having reference to debts other than those due the Victory Savings Bank), but provides no definite fund for their payment. If there is more of the insurance money than is necessary to pay the debts of the testator to the bank, and to pay the mortgage of Mr. Graydon, the executor would be legally entitled to this fund for the payment of the debts she is directed to pay. Rosa L. Floyd, as executor, is legally bound to see that this fund is properly administered by the Victory Savings Bank and N. J. Frederick, trustee, and that the true and correct amount is paid over to Rosa L. Floyd in her individual right.

As we have said, we think the showing made to Judge Bellinger justified him in granting a bill of discovery, but as was said in the case of *Boykin v. Hermitage Cotton Mills,* 180 S. C., 364, 185 S. E., 863, 865, 869:

"The scope of the order * * * is too broad and all-inclusive. * * * We can see no reasonable justification for adopting a course which must inevitably result in a fishing expedition. * * *

"The right to inspect private books and papers is often an important matter in the administration of justice, but

the exercise of the right is of such a delicate nature that the Courts should carefully guard against its abuse." Citing *Whiteman v. Weller, 39* Ind., 515.

Another objection to the order is well taken, but may ▉ be corrected without reversing the order. The order directs that plaintiff, her. counsel and accountants, shall have the right from *time to time* to inspect the books, records, papers, files, and accounts of the Victory Savings Bank, or of N. J. Frederick, as trustee, which relate in any way to the indebtedness of George L. Floyd to the Victory Savings Bank.

Rule 45 prescribes that: "The order therefor (for discovery) shall specify the mode of making the discovery, *and the time in which it is to be made, etc."* (Italics added.)

The order does not fix any time in which the plaintiff shall examine the books, etc., of the bank and of the trustee. There should be a limit to the time when these examinations may be made.

We think the requirement that the bank and N. J. Frederick deliver to plaintiff or her counsel all evidences of the indebtedness of G. L. Floyd to the Victory Savings Bank or to any other person, firm, or corporation, which have been paid in whole or in part from the insurance moneys on the life of George L. Floyd, which have not been already delivered to them, in order that they may have photostatic copies of them made at plaintiff's expense, is rather drastic.

In short, we think the order should be amended by requiring the Victory Savings Bank and N. J. Frederick, as trustee, to deposit with the Clerk of the Court for Richland County, within ten days after the remittitur in this case goes down, the books, records, papers, files, and accounts of Victory Savings Bank and N. J. Frederick, as trustee, which relate in any way to the indebtedness of George L. Floyd to the Victory Savings Bank, and that the plaintiff, her attorney and accountants, have twenty days after the notice of the depositing of such documents with the Clerk of the

Court for Richland County to inspect and examine them. Let the defendant Victory Savings Bank and N. J. Frederick, as trustee, deliver to the plaintiff or her counsel any evidences of the indebtedness of G. L. Floyd to the Victory Savings Bank, which they have paid out of the insurance money, for the inspection of the said plaintiff, her attorney or accountants, and with leave to them to make photostatic copies thereof. Let this be done. within ten days after the remittitur goes down in this case.

As thus amended, the order appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.