14539

FLOYD v. VICTORY SAVINGS BANK

(193 S. E., 203)

*Mr. N. J. Frederick*, for appellant.

*Messrs. C. T. Graydon* and *Robinson & Robinson*, for respondent, cite:

October 6, 1937.

The opinion of the Court was delivered by Mr. Justice Baker.

This is an appeal from an order of Honorable G. Duncan Bellinger, resident Judge of the Fifth Circuit, interpreting the opinion of this Court rendered upon a previous appeal (182 S. C., 357, 189 S. E., 462, 467), and specifying in detail the books, papers, and documents required to be deposited with the Clerk of the lower Court by the appellants for the inspection of respondent under the original order of discovery, which was modified by this Court upon the appeal aforementioned. The facts will not be restated as they are set forth in detail in the previous opinion.

The appeal involves an interpretation of so much of the portion of the opinion on the previous appeal as reads as follows: "In short, we think the order should be amended by requiring the Victory Savings Bank and N. J. Frederick, as Trustee, to deposit with the Clerk of Court for Richland County, within ten days after the remittitur in this case goes down, the books, records, papers, files, and accounts of Victory Savings Bank and N. J. Frederick, as Trustee, which relate in any way to the indebtedness of George L. Floyd to the Victory Savings Bank, and that the plaintiff, her attorney and accountants, have twenty days after the notice of the depositing of such documents with the Clerk

of the Court for Richland County to inspect and examine them."

It is admitted that the appellants have fully complied with the other provisions of the original order as modified by the opinion of this Court.

Judge Bellinger interpreted the previous opinion as requiring the production of the following: " * * * the books, records, papers, files and accounts of the Victory Savings Bank and N. J. Frederick, as Trustee, which relate in any way to the indebtedness of George L. Floyd to the Victory Savings Bank, which are dated January 1, 1929, and subsequent thereto, including the general records of the bank, such as the general ledger, the bank's record or ledger sheet reflecting the receipt of the Floyd insurance money and the disbursements of the same—insurance of G. L. Floyd account—the debit and credit tickets of this account; the bank ledger sheet for the savings account of Rosa L. Floyd; the checks charged against the Rosa L. Floyd account; the debit and credit tickets for any other entries to this account other than by check or deposit; the entire record relating to each of the items totalling $11,904.26, set out on pages 11 and 12 of the Supreme Court Transcript in this case, which were deducted by the Victory Savings Bank from the life insurance money of George L. Floyd; the discount register or registers; the liability ledger or ledgers; the day books, bank examiner's reports; call statements; the minutes of the bank; all of which are dated January 1, 1929, or subsequent thereto."

The exceptions challenge this interpretation of the previous opinion as being too broad and as requiring the deposit of records which would necessitate the appellant bank purchasing a new set of books and setting up new records for the purpose of carrying on its daily business.

> The previous opinion describes in general language the books, records, papers, files and accounts of the appellant which should be deposited with the Clerk

of Court for Richland County. While it was intended that the bank and the trustee should produce such records as would facilitate the respondent in ascertaining the amount of the indebtedness of George L. Floyd to the bank, the amount of insurance moneys received, the disbursements made, and the items for which such disbursements were made, it was not contemplated that the general books of the bank used in its daily transaction should be deposited with the Clerk of Court, nor that the respondent should be permitted to go upon a fishing expedition for evidence instead of having an inspection of papers reasonably necessary for the statement of the cause of action, which respondent conceives she has against the bank and the trustee.

It is difficult to specify exactly what books and papers should be deposited without evidence as to the book-keeping methods of the bank, and its various books and records, but the Court is of the opinion that Judge Bellinger's order appealed from requires the production of books and records which would hamper the bank in carrying on its business. The bank should be required to deposit the ledger sheet, or sheets, of all accounts of G. L. Floyd with the bank, the debit and credit tickets for any and all entries thereon, its ledger sheet or sheets representing the receipt of the Floyd insurance money, and the disbursements thereof, together with the debit and credit tickets in connection therewith, the ledger sheet or sheets of the account of N. J. Frederick, as trustee, and the debit and credit tickets in connection with said account, the liability ledger on all notes and obligations of G. L. Floyd to the bank, and in connection with each of the items set forth on pages 11 and 12 of the transcript of record upon the first appeal, paid out of or for which proceeds of the insurance are held by the bank, and that the papers aforementioned include all of said records dated January 1, 1929, or subsequent thereto.

In addition to the above-described records to be deposited with the Clerk of Court, the bank is directed to file such

other records not now being used in the current business of the bank which would assist respondent's auditors in tracing the items on pages 11 and 12 of the transcript of record in the first appeal, to their inception. The books containing such information need not be filed if the bank prefers furnishing only the pages therefrom on which entries appear which relate to said items, provided the bank annex to such pages information as to the nature of the book from which the page or pages have been removed.

We do not consider it desirable or proper that the bank should be required to file its discount register or registers, its day books, bank examiner's reports, call statements or minutes of the bank, or any other papers and records not specified hereinabove.

As herein modified, the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.