## 15075

ROYSTER *ET AL.* v. UNITY LIFE INS. CO.

(8 S. E. (2d), 875)

August, 1939.

*Messrs. Thomas, Cain & Black,* for appellants,

*Mr. James L. Platt,* for respondents.

May 3, 1940.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This appeal presents the question of the proper application of the rules of practice pertaining to "discovery."

The issues before this Court arise as follows:

The complaint contains five plaintiffs, all of whom allege that they are holders of "contingent endowment certificates" issued by Unity Life Insurance Company. These five plaintiffs allege that they have paid to the insurance company an aggregate of Two Hundred and Ninety-three and 82/100 ($293.82) Dollars. They demand the return to them of this sum of money with interest.

These five plaintiffs allege that this action is brought not only on behalf of themselves, but also on behalf of each and every holder of a contingent endowment certificate issued by this insurance company since October 12, 1934, to date and whether said holder resides within the State of South Carolina, Georgia or Florida or elsewhere. They allege that the word "plaintiffs" in their complaint includes all living persons who have paid money to this insurance company in consideration for a contingent endowment certificate, whether or not the name, or names, appears in the complaint and any exhibit hereto attached, and also includes the personal representatives, heirs, executors or administrators of persons above described, wherever the context will permit, in cases of lapsed policies, provided said

persons or their representatives come in and contribute to the costs of this action. They further allege that it is impractical to set forth in the complaint the names of all plaintiffs and all persons for whose benefit the action is brought, for the reason the number in interest may exceed twenty thousand persons, many of whom have expressed desires to join in this action but whose names, policy numbers and claims are not definitely enough known at the time to be set forth with certainty.

And on behalf of themselves and all of these other persons similarly situated these plaintiffs demand judgment in the sum of one million dollars.

According to the complaint the cause of action against the insurance company arose in the following manner:

Each twenty-five policy holders of the same age were, according to the terms of the contract, to be placed in a group together; and these twenty-five persons were to be numbered consecutively from one to twenty-five. On this grouping and on this numbering depended to considerable extent the rights of each one of the insured under the contract.

The complaint further alleges that through the conspiracy and fraud of the insurance company and its officers and agents no attempt has been made to carry out this plan of grouping and numbering; that the groups are not complete; that some groups contain not more than six persons; that they are not classed and numbered according to the terms of the contract.

The answer of the insurance company alleges, *inter alia*:

That it is a fraternal benefit association organized and existing under the laws of the State of South Carolina, and has at all times complied with the laws of the State; that plaintiffs have no common interest in this case nor any right to file a class action against the defendants, and that no cause of action exists in favor of the plaintiffs, individually or collectively against the defendants, or either of them; that plaintiffs are not now and have not for some time been mem-

bers in good standing of defendant; that the forms of insurance policies issued by defendant, the type and kind of business engaged in, and the manner of carrying on the business have been duly approved by the insurance commissioner for the State of South Carolina; that there has been no misrepresentation or fraud; and that none of the plaintiffs have any right or claim of any kind against the insurance company.

Plaintiffs moved before Honorable Philip T. Stoll, Judge of the Third Circuit, for an order of discovery, which motion was granted in the following order:

"This action is brought by Claude Czar Royster and Rose K. Platt and others whose names are written on a sheet attached to the complaint, on behalf of themselves and all others similarly situated and who shall join the action and contribute to the costs thereof.

"The action before the Court is to require J. R. Hoile, a named defendant, to submit to an examination before trial on behalf of the plaintiffs. The motion seeks an examination and inspection of the books of the corporation for the purpose of obtaining evidence to be used by the plaintiffs to prove the allegations of fraud. On good and sufficient reasons appearing to the Court it is

"Ordered that the Unity Life Insurance Company and J. R. Hoile, defendants, be and appear before the Clerk of Court of Common Pleas, Williamsburg County, at Kingstree, South Carolina, at 10 o'clock in the forenoon, on the 21st day of August, 1939, or as soon thereafter as counsel may be heard, to testify to and concerning such matters as may properly be presented and that at said place and time the said J. R. Hoile, defendant, produce the books and records of the said Unity Life Insurance Company, defendant, and testify therefrom on behalf of the plaintiffs, provided, however, that the inspection of books shall not be extended to include any person who is not named in the complaint as one of the plaintiffs; and,

"It is further ordered that the testimony, including exhibits, be preserved for the use of the plaintiffs as evidence in any trial in said cause."

From this order the defendants appeal to this Court. They charge error in requiring submission to an examination before trial and the production of their books and records for examination and inspection by plaintiffs, when such examination and inspection is not necessary for the plaintiffs to make out the cause of action stated in the complaint, if any is stated; that such examination and inspection would permit a fishing expedition with the hopes of discovering some matter that may be asserted against defendants, and would require defendants to disclose records and information of a confidential and private nature; and would be vexatious and oppressive.

The principles applicable to an order of discovery have been discussed and considered in a number of recent cases by this Court. *Mahaffey v. Railway,* 175 S. C., 198, 178 S. E., 838; *Whitman v. National, etc., Corporation,* 175 S. C., 464, 179 S. E., 478; *Boykin v. Cotton Mills,* 180 S. C., 364, 185 S. E., 863; *Earle v. Webb,* 182 S. C., 175, 188 S. E., 798; *Floyd v. Victory Sav. Bank,* 182 S. C., 357, 189 S. E., 462; *Floyd v. Victory Sav. Bank,* 185 S. C., 87, 193 S. E., 203; *Biltrite Bldg. Co. v. Adams, S. C.,* 7 S. E. (2d), 857, filed March 15, 1940.

The present case has all of the earmarks of a fishing expedition, an enterprise which this Court has time and again stated that it does not favor.

The five plaintiffs herein are demanding the return to themselves of the aggregate sum of approximately three hundred dollars which they allege that they have paid to the insurance company. They allege, however, that they are prosecuting this cause on behalf of every living holder of a contingent endowment certificate issued since October 12, 1934, whether said person resides in South Carolina, Georgia or Florida. They allege that these persons may be twenty thousand in number; and that they do not know their names or

addresses. And on behalf of these other twenty thousand persons these five plaintiffs demand judgment for one million dollars.

The order appealed from requires this insurance company to produce before the Clerk of Court of Williamsburg County its books and records;—there to be examined and inspected by these five plaintiffs.

This Court is of the opinion that the order should be vacated. To subject the insurance company to such a far-reaching order on the record therein would be vexatious in the extreme. Matters of a confidential and private nature would almost certainly be disclosed to plaintiffs. And it is entirely possible that the unknown "twenty thousand" policy holders are happy and contented in their contracts; and would only be disturbed by these five plaintiffs were their names and addresses disclosed, all of which would in all probability result in serious consequences to themselves and to the insurance company.

In addition thereto, it would certainly be impossible for this insurance company, located as the complaint states in Columbia, South Carolina, to attend to its business affairs during the period of time in which its "books and records" should be in the custody of the Clerk of Court in Kingstree, South Carolina.

It appears to this Court, that, on the record before it, the scope of an order for discovery in behalf of the five plaintiffs herein should extend to no more than a requirement that the insurance company furnish them with a sworn statement containing the following information:

1. Whether or not each of the five named plaintiffs has been placed in a group according to the contract.

2. If so, the number of persons and the ages of the persons in the group in which each of the five named plaintiffs has been placed.

3. The serial number assigned to each of the five named plaintiffs in the group in which he may have been placed.

Should plaintiffs desire an order of this scope they must, of course, present a motion for the same in the Circuit Court.

As to the order appealed from herein, it is the judgment of this Court that the same be reversed and vacated.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.