18419

David WALLACE and Sam Gendil on behalf of themselves and the other stockholders of Interamerican Trust Company, Respondents, v. INTERAMERICAN TRUST COMPANY and T. C. Fitzgerald, Jr., of whom T. C. Fitzgerald, Jr., is Appellant.

(144 S. E. (2d) 813)

564

*Messrs. McKay, McKay, Black & Walker,* of Columbia, for *Appellant,*

*Isadore S. Bernstein, Esq.,* of Columbia, *for Respondents,*

November 5, 1965.

LEWIS, Justice.

The only question which we need determine in this appeal concers the right of the defendant to have reviewed before final judgment certain intermediate orders issued by the lower court.

The plaintiffs are minority stockholders of the corporate defendant Interamerican Trust Company; and the defendant T. C. Fitzgerald, Jr., is the president and chairman of the board of said corporation. This action was brought for the benefit of the corporation by the plaintiffs, on behalf of themselves and all other stockholders, against the defendant Fitzgerald for an accounting and judgment against him and for his removal as an officer of the corporation, because of alleged illegal and fraudulent acts of mismanagement committed by him in his official capacity as president and chairman of the board.

As a result of adverse rulings upon several motions, the defendant Fitzgerald has appealed and seeks to have reviewed three intermediate orders of the lower court, namely: (1) an order of Honorable John Grimball, Resident Judge, issued on August 21, 1963, denying a motion of the defendant to dismiss service of the summons and complaint; (2) an order of Honorable Clarence E. Singletary, Presiding Judge, issued on April 30, 1964, denying a motion of the defendant to strike certain allegations from the complaint and to make the complaint more definite in certain particulars; and (3) an order of Honorable Bruce Littlejohn, Presiding Judge, issued on October 12, 1964, affirming an order of the master, to whom the cause had been referred, requiring the defendant to make the books and records of the de-

fendant corporation available for examination, inspection, and audit by the plaintiffs in connection with their preparation for the trial of the present action. The last mentioned order was issued under the provisions of Section 26-502 of the 1962 Code of Laws and Section 6.26 of Act No. 847 of the 1962 General Assembly (the latter now appearing as Section 12-16.26 of the 1964 Supplement to the Code).

Upon the issuance of the first two orders, the defendant gave timely notice of intention to appeal, stating in the notice in each instance that the appeal would be perfected upon the rendition of a final judgment in the action.

This appeal, admittedly, is from the last order by the lower court, which required the defendant to make available the books and records of the corporate defendant for inspection by the plaintiffs in connection with the trial of the present action. The defendant also seeks to have the two prior orders reviewed in this appeal, contending that the order requiring him to make the books and records of the corporation available for inspection is appealable before final judgment and, since there is an appealable issue before the court, the prior orders should be reviewed as a matter of grace in order to avoid unnecessary litigation. The position of the plaintiffs, on the other hand, is that the order requiring the defendant to make the records available for inspection is not appealable until final judgment and that the appeal should be dismissed upon that ground.

Under our view of the matter, since it is conceded that review of the prior orders depends upon whether the order issued for the inspection of the corporate records is properly before the court, the only question which we need decide is whether the latter order, issued pursuant to Sections 26-502 and 12-16.26, *supra,* is appealable before final judgment.

Section 26-502 is as follows:

"The court before which a civil action is pending or a judge or justice thereof may, in his discretion and upon due notice, order either party to give to the other, within a spe-

cified time, an inspection and copy or permission to take a copy of any books, papers and documents in his possession or under his control containing evidence relating to the merits of the action or the defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both."

Section 12-16.26 is a part of the South Carolina Business Corporation Act of 1962, and deals with the right of corporate shareholders to inspect corporate records. After defining shareholders who are entitled to examine the records of a corporation, within which class the plaintiffs admittedly fall, the pertinent portions of Section 12-16.26 provide:

"(b) Any such shareholder shall have the right to examine at any reasonable time or times, for any proper purpose, the corporation's books and records of account, minutes of meetings of the shareholders, and record of shareholders, and to copy them or make extracts therefrom.

"(d) If the corporation, or an officer or agent of the corporation, refuses to permit the inspection authorized by subsection (b) the shareholder demanding inspection may apply to the court of the county in which the corporation's registered office is located, upon such notice as the court may require, for an order directing the corporation, its officers or agent to show cause why an order should not be granted permitting such inspection by the applicant. The court shall hear the parties summarily, and if the applicant establishes that he is qualified and entitled to such inspection, the court shall grant an order permitting such inspection, subject to any limitations which the court may prescribe, and grant such other relief as to the court may seem just and proper. The court may deny or restrict inspection if it finds that the shareholder has improperly used information secured through any prior examination of the books and records of account, or minutes or record of shareholders of such corporation or of any other corporation, or

that he was not acting in good faith or for a proper purpose in making his demand.

"(e) In any proceeding to which a domestic corporation is a party, the court may, upon notice fixed by the court and after hearing and proper cause shown, and upon such terms and conditions as the court in its discretion may prescribe, order books, documents and records of such corporation, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought within this State and kept in such place in this State and for such time and purposes as the order may prescribe.

"(f) Nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof of proper purpose by a shareholder, irrespective, of the period of time during which he has been a shareholder of record, and irrespective for the number of shares held by him, to compel the production of any of the corporation's books and records, wherever located, as the court in its discretion shall determine to be appropriate for inspection."

The order issued pursuant to the above statutes was an intermediate or interlocutory decision, and it is settled that an appeal from such an order will not lie before final judgment unless it is one "involving the merits," or "affecting a substantial right." Section 15-123, 1962 Code of Laws.

We do not think that the present order involves the merits or affects any substantial right of the defendant within the meaning of Section 15-123, *supra,* so as to make it appealable before final judgment. The order was issued in the exercise of the court's discretion within the authority granted by the quoted statutory provisions. It did not determine any issue in the case, but was simply a ruling made by the court in the progress of the cause requiring the pretrial production of books and records deemed necessary to a proper and expeditious trial of the merits. Such order no more involved the merits than a ruling upon the admissibility of evidence, and is not appealable before final judgment.

See: 4 Am. Jur. (2d), Appeal and Error, Section 80; Annotation: 37 A. L. R. (2d) 622, Section 34(a).

We therefore hold that a discretionary order granting the right to inspect books, papers and documents, issued within the authority conferred by Sections 26-502 and 12-16.26, *supra,* is not appealable before final judgment.

The defendant cites the following cases to sustain the position that the present order is appealable before final judgment: *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838; *Whitman v. National Manufacture & Stores Corp.,* 175 S. C. 464, 179 S. E. 478; *Boykin v. Hermitage Cotton Mills,* 180 S. C. 364, 185 S. E. 863; *Floyd v. Victory Savings Bank,* 185 S. C. 87, 193 S. E. 203; *Royster v. Unity Life Ins. Co.,* 193 S. C. 468, 8 S. E. (2d) 875; *Wallace v. Timmons,* 237 S. C. 411, 117 S. E. (2d) 567. The question of whether the orders in the cited cases were appealable does not seem to have been made in those appeals, as it has been in this case. The cases cited are therefore not controlling here.

The appeal is accordingly dismissed without prejudice.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.