18768

Tommy H. KEMMERLIN, Respondent, v. Sam BLOOM and Theta
Bloom, d/b/a the Sportsman Restaurant, Appellants

(159 S. E. (2d) 910)

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia,
*for Appellants,*

50

*Messrs. Owens T. Cobb, Jr.,* of *Lewis & Cobb* and *Donald V. Richardson III,* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,*

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellants,* in Reply,

March 7, 1968.

LEWIS, Justice.

This is an appeal from an order of the lower court requiring one of the defendants to submit to a pretrial oral examination by plaintiff concerning certain specified matters which are relevant to the proof of plaintiff's cause of action and peculiarly within the knowledge of the defendant. The order was issued under the provisions of Section 26-503, 1962 Code of Laws, the pertinent portion of which is as follows:

"The examination of an adverse party, * * * may be had at any time before trial, at the option of the party claiming it, before a judge of the court, on a previous notice of at least five days to the party to be examined and any other adverse party, unless, for good cause shown, the judge order otherwise".

The plaintiff, Tommy K. Kemmerlin, brought this action against the defendants, Sam Bloom and Theta Bloom, d/b/a The Sportsman Restaurant, to recover for personal injuries allegedly suffered as a result of a fall on the business premises of the defendants. In general, the complaint alleged that plaintiff's injuries resulted from the negligent and reckless failure of defendants to maintain their business premises in a safe condition and from their failure to inspect and warn of the existence of the hazardous condition in question. The defendants filed an answer in which they admitted, upon information and belief, that plaintiff fell while on their premises but denied any liability therefor. In addition, the answer pled the sole negligence and contributory negligence of plaintiff and that, if any hazardous condition existed on the premises, plaintiff assumed the risk thereof.

After the answer was filed, plaintiff moved before the Resident Judge of the Fifth Circuit for an order requiring the defendants to submit to an oral pre-trial examination as to matters material to plaintiff's cause of action. Under

the allegations of the complaint and an affidavit filed in support of plaintiff's motion, it appears that plaintiff fell when he slipped on some "greasy, oily and slippery substances" while making a delivery to the premises of defendants on June 18, 1963. It is alleged that the fall occurred on a back or rear platform on the premises, which is within the control of defendants and unavailable to plaintiff for inspection; and that plaintiff has no knowledge as to whether any employees of defendants were witnesses to the fall, when the area had been last cleaned, or what was kept on the platform.

Upon this showing, the lower court granted the order directing one of the defendants, Sam Bloom, to submit to an examination under oath as to the following matters:

"(a) The nature and condition of the premises controlled by the defendants on the date of the accident alleged in the complaint;

(b) The procedure followed by the defendants in maintaining and cleaning the platform and kitchen in and where the plaintiff fell;

(c) That the use of the platform and the items maintained thereon be given;

(d) That any statements made by the defendants to the plaintiff or his employees concerning maintenance or cleaning the premises be given;

(e) That the names and addresses of the defendants' employees who were employed at the premises on the date and time of the accident alleged in the complaint be listed."

The order permitting the oral pre-trial examination of defendant was issued in the exercise of the court's discretion within the limits permitted under Section 26-503, *supra*. As such, it did not involve the merits or affect any substantial right of defendants, and is therefore not appealable before final judgment. *Wallace v. Inter-american Trust Co.*, 246 S. C. 563, 144 S. E. (2d) 813.

Appeal dismissed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.