### 1634

Kareem FORTUNE, a minor under the age of Fourteen (14) years, Respondent v. Anthony B. GIBSON and Howard Trapp, Jr., of Whom Howard Trapp, Jr., is the Appellant. Darryl McGHANEY, Respondent v. Anthony B. GIBSON, and Howard Trapp, Jr., of Whom Howard Trapp, Jr., is the Appellant. Appeal of Howard TRAPP, Jr. (2 cases)

(403 S.E. (2d) 674)

Court of Appeals

*Thomas C. Cofield* and *R. Lewis Johnson* of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Nelson B. Parker,* Manning, *William B. Woods* of *Brown & Woods,* Columbia, and *John E. Miles,* Sumter, *for respondents.*

Heard Jan 21, 1991.

Decided April 1, 1991.

*Per Curiam:*

This is an appeal from judgment in two negligence actions that were consolidated for trial. Kareem Fortune and Darryl McGhaney were passengers in a car driven by Anthony Gibson. Gibson's car collided with one driven by Howard Trapp, Jr., and Fortune and McGhaney sued Gibson and Trapp for injuries they suffered as a result of the accident. Gibson filed a cross-claim against Trapp for his damages. After the parties agreed to a bifurcated trial, the issue of liability was tried and a jury returned a verdict against Trapp in favor of Fortune, McGhaney, and Gibson. During the recess before the damages

phase, one of the jurors was selected for another jury. The judge recessed until the full jury could be reassembled. During that recess, two additional jurors were seated on yet another jury. The judge then asked the parties if they would proceed in the damages phase with less than twelve jurors. Trapp refused. Thereafter, the judge sustained a motion, over Trapp's objection, to continue the damages phase until the next term of court. Trapp moved for a new trial absolute on the ground that he was entitled to have the same jury decide the damages issue as had decided the issue of liability. The motion was denied. The damages phase was tried at a later term of court with a different jury. The jury awarded Fortune, McGhaney, and Gibson damages against Trapp. Trapp appeals. We affirm.

Trapp asserts two arguments on appeal: (1) the circuit court erred in continuing the damages phase to a successive term before a different jury; and (2) the court erred in submitting the case to the jury on interrogatories which did not include a specific interrogatory on Trapp's contributory negligence defense against Gibson's cross-claim.

## I.

We note from the outset that this is not a case in which we must decide the propriety of the bifurcated trial; all parties consented to separate trials on the issues of liability and damages. Instead, the question before us is whether the same jury that decided the liability issue also must decide the issue of damages.

We hold there is no per se rule that the same jury must decide both issues. To hold otherwise would be to ignore a fundamental principle underlying bifurcation: a trial may be bifurcated only if the issues are so distinct that a trial of each alone would not result in injustice. *See In re Plywood Antitrust Litigation,* 655 F. (2d) 627 (5th Cir. 1981). The very purpose of this principle is to cover cases in which separate juries decide separate issues. If South Carolina Rule of Civil Procedure 42(b) contemplated bifurcation before the same jury only, there would be no need for the requirement that the issues be distinct. Indeed, it has been expressly recognized that the "distinct issues" requirement "is dictated for the very practical reason that if separate juries are allowed to

pass on issues involving overlapping legal and factual questions the verdicts rendered by each could be inconsistent.' " *Id.* (quoting *Alabama v. Blue Bird Body Co.,* 573 F. (2d) 309, 318 (5th Cir. 1978) (interpreting Fed. R. Civ. P. 42(b)).

Accordingly, we conclude that to read into Rule 42(b) a requirement that the same jury decide separate issues bifurcated for trial would result in imposition of a restriction not intended under the rule.

## II.

Turning to Trapp's assertion that the judge erred in not including a specific interrogatory on Gibson's alleged contributory negligence, we find this argument to be without merit.

Trapp would have us ignore the judge's instructions to the jury and look solely to the interrogatories. This we cannot do. The instructions and interrogatories must be considered together. The judge charged the jury on the law of contributory negligence. He also presented the jury with interrogatories, which included the following: "Were the actions of the Defendant Gibson negligent?" and "Were the actions of the Defendant Gibson the proximate cause of the accident?"

Since one is contributorily negligent only when his negligence "contributes to the injury as a proximate cause without which the injury would not have occurred," *South Carolina Insurance Co. v. James C. Greene & Co.,* 290 S.C. 171, 177, 348 S.E. (2d) 617, 621 (Ct. App. 1986), these interrogatories effectively posed the question of Gibson's contributory negligence. Furthermore, because the jury responded "yes" to the interrogatory asking if Gibson was negligent, but "no" to the one asking if that negligence was the proximate cause of the accident, it is obvious the jury concluded that Gibson was not contributorily negligent.

Affirmed.