503 S.E.2d 497

**FLAGSTAR CORPORATION, Flagstar Companies, Inc., Denny's, Inc., and Denny's Holdings, Inc., Respondents,**

v.

**ROYAL SURPLUS LINES and Royal Indemnity Company, Appellants.**

**No. 2866.**

Court of Appeals of South Carolina.

Heard June 3, 1998.
Decided June 29, 1998.
Rehearing Denied Aug. 20, 1998.

George Trenholm Walker and Andrew K. Epting, both of Pratt–Thomas, Pearce, Epting & Walker, Charleston, for appellants.

George A. Tsougarakis and Norman C. Kleinberg, New York; and Perry D. Boulier, William U. Gunn and William B. Darwin, Jr., all of Holcombe, Bomar, Gunn & Bradford, Spartanburg, for respondents.

CURETON, Judge:

This appeal involves a declaratory judgment action to determine insurance coverage. At issue on appeal is an order granting the respondents' motion for separate trials pursuant to Rule 42(b), SCRCP. We reverse and remand.

## BACKGROUND

In July 1993, the respondents (collectively referred to as Flagstar) brought a declaratory judgment action against various insurance companies that provided them primary and excess liability insurance coverage. Royal Surplus Lines (Royal) is one of the excess liability insurers. In the complaint, Flagstar alleged two class action lawsuits had been instituted against it by African–American customers of Den-

ny's restaurants. In these suits, the class representatives asserted they had been denied equal service at the restaurants and had been subjected to racially derogatory comments and treatment. In the declaratory judgment suit, Flagstar claimed the various insurers owed it the duty to defend and to indemnify it with respect to the class action lawsuits.

Royal alleged in its answer that the terms of its excess insurance policy did not obligate it to provide a defense to Flagstar, and it had no obligation to pay until after the underlying insurers had paid or had been held legally liable to pay the full amount of their respective policies. Royal also adopted all defenses asserted by another insurer, International Insurance Company (International), since the Royal policy was to follow form to International's policy, and since Royal's policy provided a layer of coverage above the International policy. International had issued a commercial umbrella policy to Flagstar. In following form to International's policy, Royal agreed in its insuring agreement to indemnify Flagstar for its losses in excess of the underlying limits that would have been payable under the liability coverages provided by the International policies, subject to Royal's endorsements, conditions, and exclusions.

International alleged, among other things, that coverage was excluded under its commercial umbrella policy for the class action suits because of an exclusion for "bodily injury" or "personal injury" that "arises on the basis of race, creed, color, sex, age, [or] national origin." Additionally, International asserted no accident was involved, and there was no coverage due to the intentional act exclusion in its policy.

After the answers were filed by the various insurers, International and Royal filed motions for judgment on the pleadings. They asserted they were entitled to dismissal of the declaratory judgment action because their respective policies contained an exclusion for "bodily injury" or "personal injury" that "arises on the basis of race, creed, color, sex, age, [or] national origin." The trial court denied the motions. The court stated that although the insurers had argued that their policies "specifically and unambiguously exclude coverage" for the class action suits, the pertinent language of the policies did not support that conclusion.

In May 1996, Flagstar filed a motion for separate trials under Rule 42(b), SCRCP. The motion stated:

Pursuant to this motion, plaintiffs seek an order of this Court requiring an initial trial on the issue of whether Exclusion C of the Defendants' insurance policy precludes coverage in this matter. Plaintiffs further request that discovery should be limited during this initial phase to the issues pertaining to the application of Exclusion C. The second trial, and related discovery, will consist of all other issues in this litigation.

Exclusion C refers to the policy exclusion for "bodily injury" or "personal injury" that arises on the basis of race, creed, color, sex, age, or national origin. At the hearing on the motion, Flagstar argued the insurers were entitled to judgment in their favor if the exclusion applied. Therefore, it would be more expedient to conduct discovery on that issue and resolve it first. Royal argued there were other dispositive issues in the case besides Exclusion C. Specifically, there were the questions of the number of "occurrences" as defined in the insurance policies, and whether there was any intentional act on the part of management. Royal contended Rule 42 does not permit bifurcation of discovery. Rather, discovery should be conducted on all coverage issues at one time, since many of the same witnesses would be involved, and since discovery would be more cost and time effective if it were conducted only once.

The trial court granted the motion for separate trials. The order states:

The Court finds that bifurcating this matter into separate trials so as to resolve the Exclusion C issue in an initial trial would promote the interest of convenience, expedition and judicial economy. The Court notes that during the early stages of this case, Defendant, along with the other insurance companies originally named as defendants in this action, filed a Motion for Judgment on the Pleadings. Defendants' Motion for Judgment on the Pleadings was based on the argument that Exclusion C, as a matter of law, precludes coverage in this matter. The Court recognizes that there are many issues involved in this case but the Defendants' Motion for Judgment on the Pleadings reflects some recognition on the Defendants' part that Exclusion C and its

application in this case are a critical, threshold issue in this case. Furthermore, Plaintiffs have conceded that if this initial trial results in a determination that Exclusion C precludes coverage, then this litigation would be terminated without the need to address all the other issues present in this case.

As part of this Court's Order granting Plaintiffs' Motion for Separate Trials, this Court will also bifurcate discovery. Accordingly, all discovery in this case will be limited to matters relevant to the issue of whether Exclusion C precludes coverage. The Court recognizes that Rule 42(b) of the South Carolina Rules of Civil Procedure does not expressly provide for the bifurcation of discovery. However, such relief clearly was sought in Plaintiffs' Motion for Separate Trials and this Court certainly has discretion pursuant to the applicable provisions of Rule 16 and Rule 26 of the South Carolina Rules of Civil Procedure to control discovery and to issue such Orders concerning discovery which the Court determines will further the fair and expeditious resolution of this case.

## ISSUES

Flagstar raises the issue of the appealability of the trial court's order and argues the order is unappealable. Flagstar asserts the order is interlocutory and neither involves the merits of the case nor affects a substantial right of either party.

Royal asserts the trial court erred in granting Flagstar's motion because the requirements for separate trials on separate issues under Rule 42(b), SCRCP, have not been met. Also, Royal argues the court erred in ordering bifurcation of discovery because Rule 42 does not provide for such bifurcation, and it would be substantially prejudiced thereby.

## DISCUSSION

This court previously considered the issue of appealability of the circuit court's order pursuant to a motion to dismiss filed by Flagstar and decided to permit the case to proceed to briefing and disposition on the merits. We adhere to that decision.

This court has appellate jurisdiction for corrections of errors of law. S.C.Code Ann. § 14–3–330 (1976). We may review "[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action." S.C.Code Ann. § 14–3–330(2). In South Carolina, orders affecting the mode of trial affect substantial rights and must be appealed immediately. *Lester v. Dawson,* 327 S.C. 263, 491 S.E.2d 240 (1997).

The appellate courts of this state have never directly addressed whether an order bifurcating trial is directly appealable. Rule 42(b), SCRCP, requires that separate issues exist before a trial court may grant separate trials and provides as follows:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Constitution or as given by a statute of the State.

This court addressed Rule 42(b) in *Fortune v. Gibson,* 304 S.C. 279, 403 S.E.2d 674 (Ct.App.1991). There the parties agreed to bifurcation of the liability and damages phases of the negligence trial, but expected the same jury to hear both phases. However, the damages phase was tried before a different jury than the jury which decided the liability phase. This court affirmed the procedure. We stated as follows:

We hold there is no per se rule that the same jury must decide both issues. To hold otherwise would be to ignore a fundamental principle underlying bifurcation: a trial may be bifurcated only if the issues are so distinct that a trial of each alone would not result in injustice. *See In re Plywood Antitrust Litigation,* 655 F.2d 627 (5th Cir.1981). The very purpose of this principle is to cover cases in which separate juries decide separate issues. If South Carolina Rule of Civil Procedure 42(b) contemplated bifurcation before the same jury only, there would be no need for the requirement that the issues be distinct. Indeed, it has been expressly recognized that the "distinct issues" requirement " 'is dictat-

ed for the very practical reason that if separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each could be inconsistent.'" *Id.* (quoting *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978) (interpreting Fed. R.Civ.P. 42(b)).

*Id.* at 281–82, 403 S.E.2d at 675. We thus recognized in *Fortune* that issues must be separate and distinct to be tried by separate juries.

■ Royal argues bifurcation is improper in this case because the coverage issues are not distinct and involve overlapping legal and factual questions. Specifically, Royal contends Exclusion C is tied to other provisions of the insurance policy, as it includes defined terms such as "bodily injury" and "personal injury". Those defined terms are related to the policy definition of "occurrence." Royal further argues the two juries would have to consider all facts relevant to the underlying discrimination claims in the class action lawsuits and might render inconsistent verdicts concerning the nature of those claims.

In response, Flagstar contends bifurcation is appropriate because Royal previously asserted in its motion for judgment on the pleadings that the application of Exclusion C was unambiguous and entitled it to judgment as a matter of law. Flagstar argues the first jury will only be asked to answer the question whether Exclusion C, standing alone, excludes insurance coverage for the alleged race based discrimination against customers of Denny's restaurants.

■ In a declaratory judgment action, the insurance company's obligation to defend and to indemnify is determined by the allegations in the complaint. *Manufacturers and Merchants Mut. Ins. Co. v. Harvey*, 330 S.C. 152, 498 S.E.2d 222 (Ct.App.1998). The language of the insurance policy must be examined in a coverage case and specific defined policy terms must be considered. *See South Carolina State Budget & Control Bd. v. Prince*, 304 S.C. 241, 403 S.E.2d 643 (1991). Further, policy exclusions must often be evaluated. *See Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 459 S.E.2d 318 (Ct.App.1994). It is not uncommon for an insurance policy to contain internal inconsistencies between

insuring provisions and exclusions which create an ambiguity in the contract. *Id.*

Because an insurance policy is simply a contract between the insurer and the insured, it is subject to general rules of contract construction. *Thompson v. Continental Ins. Companies*, 291 S.C. 47, 351 S.E.2d 904 (Ct.App.1986). It is well settled that the "contract must be read as a whole, giving appropriate weight to all provisions." *Yarborough v. Phoenix Mut. Life Ins. Co.*, 266 S.C. 584, 592, 225 S.E.2d 344, 348 (1976). The court must consider the entire contract, therefore, to determine the meaning of its provisions. *Id.* at 592, 225 S.E.2d at 349.

In the case before us, Exclusion C *excludes* coverage for "personal injury" that "arises on the basis of race . . . color . . . [or] national origin." Under "Definitions," "personal injury" *includes* injury arising from "discrimination." The Insuring Agreement clearly states the insurer covers obligations the insured becomes legally obligated to pay as a result of damages from "personal injury" stemming from an "occurrence."

Given the complexities of the insurance coverage issues in this case, we hold the trial court erred in granting the motion for separate trials. Rule 42(b), SCRCP, contains a distinct issue requirement. Clearly this case presents overlapping issues and ambiguity in the contract terms. Because this court has concluded there are overlapping issues that entitle Royal to one trial on both coverage and exclusion, we also conclude that under *Fortune*, Royal was entitled to a single trial under Rule 42(b). Therefore, denial of a single trial amounts to a denial of a mode of trial and is appealable.

Because we have concluded the trial court erred in ordering bifurcation with respect to the policy exclusion, we need not substantively address the issue of the bifurcation of discovery, as it is rendered moot.

**REVERSED AND REMANDED.**

GOOLSBY and ANDERSON, JJ., concur.