THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mac Babb,       
Appellant,
 
 
 

v.

 
 
 
Nina Lee Thompson, Personal Representative 
 for the Estate of Helen W. Thompson and Charles Wiriden, Jr.,       
Defendants,
 
 
 

and

 
 
 
Mac Babb,       
Third-Party Plaintiff,
 
 
 

v.

 
 
 
Waterway Mobile Home Park, Inc., a North Carolina 
 Corporation, and Cheryl Lloyd, Personal Representative of the Estate of
H.O. Taylor, individually, and as Registered Agent for Waterway Mobile 
 Park, Inc., and as Officer, Shareholder, and Director of Waterway Mobile 
 Home Park, Inc.,        Respondents.
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2003-UP-630
Submitted September 8, 2003  Filed 
 October 22, 2003

AFFIRMED 

 
 
 
Mac Babb, of Little River, pro se.
Nina Lee Thompson, of Acron, California, pro se.
 
 
 

 PER CURIAM:  Mac Babb received 
 a default judgment against Helen W. Thompson and subsequently attached a bank 
 account in the name of Waterway Mobile Home Park Inc. (Waterway), a corporation 
 solely owned by Thompson.  On motion of Waterway, the circuit court released 
 Waterways attached funds prior to hearing Babbs motion to pierce Waterways 
 corporate veil.  Babb appeals, arguing the circuit court erred by releasing 
 the attached funds prior to hearing his motion.  Babb also argues he is entitled 
 to post-judgment interest from the time he was first awarded a judgment, even 
 though this court reversed the original judgment and granted a new trial absolute 
 in a prior appeal.  We conclude Babbs first argument is abandoned, and his 
 post-judgment interest argument is without merit.  Therefore, we affirm.
FACTUAL/PROCEDURAL BACKGROUND
This appeal arises from Babbs attempt to collect 
 a judgment against Thompson.  Babb filed a breach of contract action against 
 Thompson, and on June 17, 1993, a jury awarded Babb $5.00. Babb moved for a 
 new trial absolute, which the circuit court denied.  Babb appealed, arguing 
 the circuit court erred by denying his motion for a new trial absolute.  This 
 Court reversed and remanded the case for a new trial absolute. 
 [1]   
On remand, on January 6, 1998, the parties stipulated 
 to liability, and the only remaining issue was the amount of damages.  The matter 
 was referred to the master-in-equity.  Subsequently, the master granted Babb 
 a default judgment on two claims for a total of $63,000.  
Thompson filed a motion to set aside the default 
 judgment pursuant to Rules 60(b)(1) and (b)(4), which the circuit court denied.    
 Thompson appealed, and this Court affirmed in part and reversed in part. 
 [2]    
During Thompsons appeal, Thompson died.  Babb 
 filed a motion for temporary injunction, requesting attachment of Waterways 
 property.  The circuit court granted the motion.  
Waterway filed a rule to show cause, requesting that the 
 circuit court release the attached property. Babb responded with a motion to 
 pierce Waterways corporate veil.  On November 8, 2001, the circuit court ordered 
 the immediate release of Waterways attached property, ruling Babb lacked a 
 judgment against Waterway, and Babb had not pierced Waterways corporate veil.  
 Babb moved for reconsideration pursuant to South Carolina Rules of Civil Procedure, 
 Rule 59(e), arguing the circuit court erred by releasing Waterways attached 
 funds without first hearing his motion to pierce Waterways corporate veil and 
 by only applying post-judgment interest from January 6, 1998, rather than from 
 June 17, 1993, the date of the original judgment.  Babb appeals the denial of 
 this motion.
LAW/ANALYSIS
I.       Release 
 of Funds
Babb first argues the circuit court erred 
 by releasing Waterways attached funds before hearing his motion to pierce Waterways 
 corporate veil.  Although Babb asserts this ruling took away a right afforded 
 him by the South Carolina Code of Laws, he cites to no specific statute in 
 his argument.  The only citation to authority in connection with this argument 
 is Flagstaff Corp. v. Royal Surplus Lines, 332 S.C. 182, 503 S.E.2d 497 
 (Ct. App. 1998), reversed by, 341 S.C. 68, 533 S.E.2d 331 (2000), noted 
 by Babb for the proposition that an order affecting a mode of trial must be 
 immediately appealed.  
We fail to see how the citation to Flagstaff 
 has any relevance, and we will not peruse the South Carolina Code of Laws to 
 create a legal foundation for his assertions.  We find no citation to authority 
 in his argument, and thus, we deem this issue abandoned on appeal.  See 
 First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) 
 (holding where [a]ppellant fails to provide . . . supporting authority for 
 his assertion issue is deemed abandoned on appeal).
II.      Post-Judgment 
 Interest
 Babb next argues the circuit court erred by only 
 applying post-judgment interest from January 6, 1998, the date of the final 
 judgment, rather than June 16, 1993, the date of the original order.  We disagree.
South Carolina Code Annotated section 34-31-20(B) 
 (1987) requires, All money decrees and judgments of courts enrolled or entered 
 shall draw interest according to law.  The legal interest is at the rate of 
 fourteen percent per annum.  However, [g]enerally     speaking . . . an order 
 for a new trial vacates the proceedings including the verdict . . . The order 
 for a new trial leaves the case as though no trial had been had, it returns 
 the parties to the position they occupied before the trial.  66 C.J.S. New 
 Trial § 283 (1998) (internal citations omitted); see Folkens v. 
 Hunt, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990) (holding when a new 
 trial absolute is granted, [t]he effect is the same as if the jury failed to 
 reach a verdict.  The judge as the thirteenth juror hangs the jury.).
 On June 16, 1993, a jury awarded Babb $5.00.  Babb 
 moved for a new trial absolute, which was denied.  Babb appealed, and this Court 
 reversed and remanded the case for a new trial absolute, placing the parties 
 in the position they occupied prior to trial.  Consequently, post-judgment interest 
 began to run on January 6, 1998, the date the master entered the default judgment.  

CONCLUSION
For the foregoing reasons, the decision of the 
 circuit court is 
 AFFIRMED.
STILWELL, HOWARD, and KITTREDGE, JJ., concurring.

 
 
 [1] See Babb v. Thompson, 95-UP-195, filed June 28, 1995.  
 

 
 [2] See Babb v. Thompson, 2002-UP-026, 
 filed January 16, 2002.