77-CP-40-0945

Lucy M. KNOWLES, Individually and for the Benefit and on Behalf of all Others Similarly Situated, Plaintiff(s)-Respondent(s), v. STANDARD SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.

(261 S. E. (2d) 49)

December 13, 1979.

## ORDER

Plaintiffs-Respondents seek to dismiss appeal from the order of class certification requiring the defendant-appellant to identify class members and providing for membership notification. Appellant argues that class certification is a decision on the merits and affects substantial rights, therefore, appealable by virtue of S. C. Code § 14-3-330 (1976). We disagree.

Class certification, essentially procedural in nature, does not involve substantial or essential legal rights which require attention prior to final judgment. See *Ex Parte Ferguson*, 82 S. C. 563, 64 S. E. 750 (1909), wherein an order requiring certain individuals be named as defendants was held merely an administrative act, not subject to appeal. Neither does certification reach the "merits" of the underlying cause of action as defined by this Court in *Henderson v. Wyatt*, 8 S. C. 112 (1887):

An order to involve the merits must finally determine some substantial matter forming the whole or a part of some cause of action or defense in the case in which the order is entitled.

The U. S. Supreme Court recently approved federal decisions holding class certification interlocutory and not subject to immediate appeal. *Coopers and Lybrand v. Livesay*, 437 U. S. 463, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). The rationale of *Coopers* restricting appellate review in order to prevent the "debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy" is equally applicable to certification questions in this State. *Coopers, supra,* quoting *Eisen v. Carlisle and Jacquelin*, 417 U. S. 156, 170, 94 S. Ct. 2140, 2149, 40 L. Ed. 2d 732 (1974).

We hold that class certification orders are intermediate and interlocutory. Accordingly, the Motion to Dismiss is

granted and the appeal is hereby dismissed.[1] *Accord, Atreco-Florida, Inc. v. Beliner,* 360 So. (2d) 784 (Fla. 1978) (Per Curiam).

---

[1] By authority of S. C. Code § 14-8-380(1) (1976), this Court may review intermediate orders upon appeal from final judgment.