## 0019

Odell B. LEWIS, Respondent, v. ATKINSON IMPLEMENT CO., INC., and J. G. Slocumb, Defendants, of whom J. G. Slocumb is Appellant.

(311 S. E. (2d) 80)

Court of Appeals

*J. Dwight Hudson* and *Richard M. Lovelace, Jr.,* Conway, *for appellant.*

*James P. Stevens, Jr.,* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondent.*

Dec. 12, 1983.

*Per Curiam:*

Respondent Odell B. Lewis brought this action to recover for personal injuries sustained in a tractor accident. Atkinson Implement Co., Inc., and the appellant J. G. Slocumb filed motions for summary judgment alleging that Lewis' injuries were caused by his own negligence. Both motions were denied. Subsequently, Lewis entered into a convenant with Atkinson Implement not to sue. Slocumb immediately filed a motion for a change of venue which was denied. He now appeals the order denying that motion alleging that the trial court erred (1) in denying him a change of venue because his right to be tried in the county of his residence is a substantial right and because he is the sole remaining defendant in the action and (2) in failing to rule that Atkinson Implement was a sham defendant for venue purposes.

This case is controlled by *Godley v. Uniroyal, Inc.*, 278 S. C. 571, 300 S. E. (2d) 78 (1983). In *Godley*, the appellants appealed from a circuit court order denying their motion for a change of venue. The Supreme Court dismissed the appeal holding that an order granting or refusing a change of venue is interlocutory and not immediately appealable. We follow *Godley*, *supra*, and dismiss this appeal without prejudice. The order denying appellant a change of venue is interlocutory and not appealable irrespective of whether Atkinson Implement was a sham defendant or not. *See also* S. C. Code § 14-3-330 (1976).

Dismissed.