24290

Glenn WOODARD, Petitioner v.
WESTVACO CORPORATION, Respondent.

(460 S.E. (2d) 392)

Supreme Court

*Kerry W. Koon* and *O. Grady Query*, Charleston, *for petitioner.*

*G. Dana Sinkler* and *Elizabeth T. Thomas* both of *Warren & Sinkler*, Charleston, *for respondent.*

Heard Oct. 19, 1994.

Decided July 24, 1995; Reh. Den. Aug. 28, 1995.

*Per Curiam:*

We granted certiorari to review the Court of Appeals' opinion in *Woodard v. Westvaco*, 315 S.C. 329, 433 S.E. (2d) 890 (Ct. App. 1993). Because we hold that the order on appeal is not immediately appealable, we dismiss the appeal and vacate the Court of Appeals' opinion.

## FACTS

Petitioner brought this negligence action against respondent seeking damages for personal injuries. Petitioner's complaint alleged that while he was employed by Southern Bulk Haulers, a trucking firm, he was injuried when a hose at respondent's plant disengaged and sprayed him with a chemical known as "black liquor."

Respondent moved for summary judgment arguing the circuit court did not have subject matter jurisdiction over petitioner's action. Specifically, respondent alleged petitioner was a statutory employee of respondent and, therefore, his remedy was limited to bringing an action under the Workers' Compensation Act.[1]

After hearing arguments, the circuit court denied respondent's motion. On appeal, the Court of Appeals reversed, hold-

---

[1]S.C. Code Ann. §§ 42-1-10 to 42-19-50 (1985 & Supp. 1994).

ing that petitioner was a statutory employee whose exclusive remedy was to bring an action under the Workers' Compensation Act.

## DISCUSSION

The Court of Appeals correctly held that the proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. *See Ballenger v. Bowen*, 313 S.C. 476, 443 S.E. (2d) 379 (1994). Further, the Court of Appeals appropriately noted that if a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss. Nevertheless, the Court of Appeals incorrectly concluded that an order denying a Rule 12(b)(1) motion to dismiss was immediately appealable.

In its opinion, the Court of Appeals relied on *Timms v. Greene*, 310 S.C. 469, 427 S.E. (2d) 642 (1993) and *Duncan v. Provident Mut. Life Ins. Co.*, 310 S.C. 465, 427 S.E. (2d) 657 (1993) in concluding that an order denying a Rule 12(b)(1) motion to dismiss was immediately appealable. However, the appealability of such orders was not an issue raised in those cases. Consequently, *Timms* and *Duncan* are not controlling on the question whether the denial of a motion to dismiss for lack of subject matter jurisdiction is immediately appealable. *See Wallace v. Interamerican Trust Co.*, 246 S.C. 563, 144 S.E. (2d) 813 (1965) (the fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised); *see also State v. Lockhart*, 275 S.C. 160, 267 S.E. (2d) 720 (1980).

Absent some specialized statute, determining if an interlocutory order is immediately appealable depends on whether the order falls within one of the several categories of appealable judgments, decrees, or orders listed in S.C. Code Ann. § 14-3-330 (1976 & Supp. 1994). Because an order denying a Rule 12(b)(1) motion to dismiss does not fall into any of these categories, we hold that such orders are not

immediately appealable.[2] To the extent *Carter v. Florentine Corp.*, 310 S.C. 228, 423 S.E. (2d) 112 (1992), *Botany Bay Marina, Inc. v. Townsend*, 296 S.C. 330, 372 S.E. (2d) 584 (1988), and *Simms v. Phillips*, 46 S.C. 149, 24 S.E. 97 (1968) hold otherwise, they are overruled. Accordingly, this appeal is dismissed, and the opinion of the Court of Appeals is vacated.[3]

[2] An order *denying* a motion to dismiss for lack of subject matter jurisdiction does not *finally* determine anything. *See McLendon v. South Carolina Dep't of Highways and Pub. Transp.*, — S.C. —, 433 S.E. (2d) 539 (1994) (like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage in the proceedings). Consequently, while such orders may involve a substantial right, they do not fall under § 14-3-330(2)(a) because they do not in effect determine the action and prevent a judgment from which an appeal might be taken or discontinue the action. For the same reason, such orders do not "involve the merits" under § 14-3-330(1). *See Mid-State Distributors v. Century Importers*, 310 S.C. 330, 426 S.E. (2d) 777 (1993) (for an order to "involve the merits" as that term is used in § 14-3-330, it must *finally determine* some substantial matter forming the whole or a part of some cause of action or defense).

[3] We do not decide whether this appeal actually involved a question of subject matter jurisdiction. *Compare Googe v. Speaks*, 194 S.C. 206, 9 S.E. (2d) 439 (1940) (the exclusivity of the Worker's Compensation Act is a "procedural" question rather than a "jurisdictional" question) *with McSwain v. Shei*, 304 S.C. 25, 402 S.E. (2d) 890 (1991) (exclusive "jurisdiction" over disputes between employees and employers for injuries occurring during and in the course of employment lies within the Worker's Compensation Commission).