529 S.E.2d 11

**Judy P. BRELAND, as Personal Representative of The Estate of James Brian Cook, Respondent,**

v.

**LOVE CHEVROLET OLDS, INC. and General Motors Corporation, Petitioners.**

**No. 25080.**

Supreme Court of South Carolina.

Heard Feb. 3, 2000.

Decided March 6, 2000.

Rehearing Denied April 6, 2000.

Joel H. Smith, Robert H. Brunson, James T. Irvin, III, Nelson Mullins Riley & Scarborough, L.L.P., of Columbia; Michael D. Jones, James W. Draughn, Jr., Jennifer G. Gardner, Daryl L. Joseffer, all of Kirkland & Ellis, Washington, D.C., for petitioners.

John E. Parker, Ronnie L. Crosby, of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., of Hampton, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

TOAL, Acting Chief Justice:

This case is an appeal from a Court of Appeals order denying immediate appellate review of a motion to transfer venue. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

On October 29, 1996, James Brian Cooke fell out of a 1987 Chevy Blazer to his death. His personal representative Judy Breland ("Plaintiff") filed a wrongful death action against defendants General Motors, the car's manufacturer, and Love Chevrolet, the car's retailer (collectively the "Defendants"). The complaint alleged a defective doorhandle and latching system caused Cooke's death.

In their answers, both defendants asserted that venue was improper in Hampton County. Love Chevrolet is a resident of Lexington County. General Motors is a foreign corporation. Plaintiff, a resident of Hampton County, argued venue was proper in Hampton County based on General Motors being a resident of Hampton County. General Motors and Love Chevrolet denied that General Motors is a resident of Hampton County and argued venue should be transferred to Lexington County.

The trial court held a hearing on June 3, 1998 to consider the venue dispute. The trial court found General Motors was a resident of Hampton County for venue purposes and therefore venue was proper for both defendants in Hampton County pursuant to S.C.Code Ann. § 15–7–30 (1976). The trial court ruled that General Motors had enough "substantial and continuous" contacts to qualify as a resident of Hampton County based on General Motors' 50 year relationship with a Hampton County car dealership. That local Hampton County dealership purchases and sells General Motors cars and parts, uses General Motors techniques and assistance, and advertises General Motors' products. General Motors has done over $18 million in business in Hampton County over the previous 3 years. General Motors also has several contractual relationships with divisions and subsidiaries in Hampton County that retain security interests on the items kept on the local dealer's

property. The local dealer even estimates that half of the cars driven in Hampton County come from his local dealership.

On July, 31, 1998, Defendants filed a joint notice of appeal from the trial court's decision denying a transfer of venue. Plaintiff moved to dismiss the appeal on the ground that the trial court's order was interlocutory and not immediately appealable. The Court of Appeals issued an order dismissing the appeal on August 31, 1998. Defendants filed a motion for rehearing that was denied on October 15, 1998. Defendants then appealed the following issue to this court:

Is a trial court's order denying a motion to change venue immediately appealable?

### Law/Analysis

The Defendants argue an order denying a change of venue should be immediately appealable because: (1) such orders meet the requirements of S.C.Code Ann. § 14–3–330(2)(C) (1976); and (2) this Court has entertained such appeals before. We disagree with both arguments.

### I. Section 14–3–330

Defendants argue that under section 14–3–330(2)(C) the order denying a change in venue is immediately appealable. We disagree.

The relevant portion of section 14–3–330 states:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:

. . .

(2) An order affecting a substantial right made in an action when such order . . . (c) strikes out an answer or any part thereof or any pleading in any action. . . .

Defendants argue the trial court's order affected their substantial right to venue in the county of their residence and the refusal to transfer venue effectively struck out a portion of their answer.

 Whether a defendant is a resident of a specific county is a question of law, not fact. *Blizzard v. Miller,* 306 S.C. 373, 412 S.E.2d 406 (1991) ("[T]his Court has held that when the

motion to change venue is based on the ground that a particular county is the residence of the defendant, then a question of law is presented"). Therefore, the questions in the current case are whether the order denying the venue transfer: (1) affected; (2) a substantial right; and (3) struck part of the answer.

## A. "Affecting" a Substantial Right

 The trial court's order did not "affect" the Defendant's right to venue in the county of its residence because any error in the order can be corrected on appeal following the trial. Immediate appeals under subsection (2) have been allowed in situations where the substantial right could not be vindicated on appeal after the case. *See Creed v. Stokes*, 285 S.C. 542, 331 S.E.2d 351 (1985). Generally, this subsection has only been used when the trial order affected the "mode of trial" because if those orders are not immediately appealed, no appellate review is available to correct any error. *Id.*

Defendants argue that the fact that the order is appealable after the trial should not preclude immediate review of the order. Defendants rely on language from *Link v. School District*, 302 S.C. 1, 393 S.E.2d 176 (1990) which held where an order falls under both subsections, it does not have to be appealed immediately under subsection (2), but the party may wait until the conclusion of the action to appeal the issue under subsection (1). Defendants rely on language from a footnote in *Link* stating that "some rulings controlled by § 14–3–330(2) *must* be immediately appealed, or the right to review will be lost." Defendants assert the use of the word "some" reveals this Court will allow other immediate appeals even if the right would not be lost if not immediately reviewed.

Currently, this Court does not allow immediate appellate review of the *denial* of any Rule 12(b), SCRCP motion.[1] *See Woodard v. Westvaco Corp.*, 319 S.C. 240, 460 S.E.2d 392 (1995) (ruling the denial of a Rule 12(b)(1), SCRCP motion was not immediately appealable); *Mid–State Distribs., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E.2d 777 (1993)

---

1. Although the Defendants asserted improper venue in their answer, the analysis of this issue is identical to a Rule 12(b)(3), SCRCP motion.

(ruling the denial of a Rule 12(b)(2), SCRCP motion was not immediately appealable); *Moyd v. Johnson*, 289 S.C. 482, 347 S.E.2d 97 (1986) (ruling the denial of a Rule 12(b)(6), SCRCP motion was not immediately appealable). Also, the denial of a Rule 12(c) motion is not immediately appealable. *Rose v. Thrash*, 291 S.C. 459, 354 S.E.2d 378 (1987). The basic policy behind denying immediate review of pretrial motions is avoidance of piecemeal litigation where the rights of the parties have not been substantially impacted. *See Knowles v. Standard Sav. and Loan Ass'n*, 274 S.C. 58, 261 S.E.2d 49 (1979) (ruling a denial of a pretrial class certification was not immediately appealable).

Even though the venue decision will not be revisited by the trial court before the end of the case, we believe avoiding piecemeal litigation is the best policy to follow. The current case reveals why such appeals are disfavored. From the record on appeal, it is clear that General Motors' substantial and continuous contacts with Hampton County will sustain the trial court's decision. We even have had the issue presented by this case previously litigated in this Court. *See Godley v. Uniroyal, Inc.*, 278 S.C. 571, 300 S.E.2d 78 (1983).[2] Already the progress of this case has been delayed several years over the issue of venue. Requiring a defendant to wait until after trial to appeal the issue of proper venue is the most appropriate course to take where any error in that decision will not prejudice the defendant anymore than other interlocutory orders which, if in error, would require a new trial.

Since any trial court error concerning venue will be correctable upon appeal, the only damage a losing party will sustain is the expense of litigating in an improper county. Even though proper venue is a substantial right, we have previously found the avoidance of a trial is not a sufficient reason to justify immediate appellate review. *See Shields v. Martin Marietta Corp.*, 303 S.C. 469, 402 S.E.2d 482 (1991). In this case, since any venue error will be correctable upon appeal

---

2. In *Godley,* this Court refused to review an order denying a motion by General Motors to change venue from Hampton County to Colleton County based on the residence of another instate dealer. The parties' alignment in this case is identical.

after trial, we find the right of proper venue has not been affected such that the order would be immediately appealable.

## II. Previous Cases Allowing Immediate Appeal

The Defendants argue that the order denying a transfer of venue is appealable because this Court has entertained such appeals before. We disagree.

On several occasions, this Court has entertained immediate appeals from orders granting or denying · motions for change· of venue. *See Ellis v. Oliver,* 307 S.C. 365, 415 S.E.2d 400 (1992); *Blizzard v. Miller,* 306 S.C. 373, 412 S.E.2d 406 (1991); *Carroll v. Guess,* 302 S.C. 175, 394 S.E.2d 707 (1990); *Chestnut v. Reid,* 299 S.C. 305, 384 S.E.2d 713 (1989). However, appealability was not an issue raised by any party in those cases. The fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised. *Woodard v. Westvaco Corp.,* 319 S.C. 240, 460 S.E.2d 392 (1995); *State v. Lockhart,* 275 S.C. 160, 267 S.E.2d 720 (1980); *Wallace v. Interamerican Trust Co.,* 246 S.C. 563, 144 S.E.2d 813 (1965).

Those cases also fail to discuss *Godley v. Uniroyal, Inc.,* 278 S.C. 571, 300 S.E.2d 78 (1983), *Sanders v. Amoco Oil Co.,* 283 S.C. 195, 320 S.E.2d 334 (Ct.App.1984), and *Lewis v. Atkinson Implement Co. Inc.,* 280 S.C. 87, 311 S.E.2d 80 (Ct.App.1983) which clearly hold such orders are not immediately appealable. Therefore, Defendant's argument that these cases support the appealability of such venue decisions is without merit.

### CONCLUSION

Based on the foregoing, the order of the Court of Appeals is **AFFIRMED.**

MOORE, WALLER, BURNETT, JJ., and Acting Associate Justice R. MARKLEY DENNIS, Jr., concur.