533 S.E.2d 575

Katherine SENTER, Respondent,

v.

PIGGLY WIGGLY CAROLINA COMPANY, INC., Petitioner.

No. 25151.

Supreme Court of South Carolina.

Heard April 4, 2000.
Decided June 12, 2000.

Robert L. Widener, Robert A. Muckenfuss, of Columbia, and Gayla S.L. McSwain, of Charleston, all of the McNair Law Firm, P.A., for petitioner.

William B. Harvey, III, of Harvey & Battey, P.A., of Beaufort, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

PLEICONES, Justice:

We granted certiorari to review an order of the Court of Appeals[1] which denied immediate appellate review of the trial court's denial of a motion to bifurcate trial of the issues of liability and damages.[2] We affirm.

---

[1]. A single judge of the Court of Appeals dismissed petitioner's appeal from the lower court which action was sustained by order of a full panel of the Court of Appeals.

[2]. The respondent contends that the Court of Appeals was without jurisdiction to entertain substantial portions of the petitioner's argument owing to the fact that such arguments were based upon factual

## ISSUE

Is an order denying bifurcation of the issues of liability and damages in a personal injury case immediately appealable?

## FACTS

The respondent filed this action alleging personal injury suffered when she slipped on a pooling of water on petitioner's premises. Prior to trial, petitioner filed a motion pursuant to Rule 42(b), SCRCP, to bifurcate the issues of liability and damages. The reasons advanced for seeking bifurcation were that the injuries claimed were extensive, that the evidence supporting respondent's claim consisted of unduly prejudicial photographs, and that detailed descriptions of medical treatment and graphic accounts of pain and suffering would be introduced. The trial court denied the motion and petitioner sought immediate appellate review. The Court of Appeals dismissed, finding that the trial court's order was not entitled to immediate appellate review.

## DISCUSSION

Petitioner argues that the admission of the graphic evidence would result in prejudice to petitioner, in that a jury could not help but find liability based upon the extent of the injuries and damage; the detailed accounts supporting the same; and the graphic nature of the photographs. The petitioner thus posits that since it is absolutely entitled to a fair and impartial fact finder, requiring it to go to trial on the issues of damages and liability in a single proceeding would deprive it of a mode of trial to which it is entitled as a matter of right, i.e., trial by a fair and impartial jury. Bifurcation, petitioner further contends, is the only mode of trial available to protect its right to a fair and impartial fact finder under the circumstances of this case.[3]

_development which occurred after the filing of the notice of appeal. Since consideration of the purportedly improper argument is unnecessary to our determination of this appeal we do not reach any jurisdictional issue._

**3.** Petitioner contends that the Court of Appeals' order erroneously focuses on the respondent's right to a jury trial, adopting as it does a

██ A motion seeking bifurcation of the issues of liability and damages in a personal injury case is addressed to the sound discretion of the trial court pursuant to Rule 42(b), SCRCP, which states in pertinent part as follows:

. . .

(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, **may** order a separate trial of any claim, . . . or of any separate issue . . . always preserving inviolate the right of trial by jury as declared by the Constitution or as given by a statute of the State. (Emphasis supplied)

The trial court's order in this case was discretionary, and an abuse of discretion, if any, which deprives petitioner of a fair trial can be corrected on appeal following trial on all issues. See *Creighton v. Coligny Plaza Ltd. Partnership*, 334 S.C. 96, 512 S.E.2d 510 (Ct.App.1998) (the question of bifurcation is a matter for the trial court's discretion). To hold otherwise would, *inter alia*, require this court to predetermine the admissibility of the evidence in advance of the trial. This, of course, we decline to do.

██ Petitioner argues that the order denying bifurcation in this case should be immediately appealable because the denial triggered the operation of S.C.Code Ann. § 14–3–330(2) (1976), the pertinent portion of which for purposes of petitioner's argument is:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review on appeal:

. . .

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, . . . or (c) strikes out an answer or any part thereof or any pleading in any action;

---

"single proceeding" approach for personal injury trials which the Court of Appeals denominates as the "standard mode of trial." Petitioner argues that such an analysis ignores the petitioner's absolute right to a fair and impartial fact finder.

We disagree. The code provision relied upon as controlling by the petitioner has been interpreted as not merely allowing, but rather as requiring immediate appeal when the trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right. *Creed v. Stokes,* 285 S.C. 542, 331 S.E.2d 351 (1985). The majority of cases requiring immediate appeal involve review of denials of trial by jury and are based on the public policy consideration of advancing the constitutional mandate to preserve the right to trial by jury inviolate.[4] *Lester v. Dawson,* 327 S.C. 263, 491 S.E.2d 240 (1997); *C & S Real Estate Services, Inc. v. Massengale,* 290 S.C. 299, 350 S.E.2d 191 (1986); *First Union National Bank of South Carolina v. Soden,* 333 S.C. 554, 511 S.E.2d 372 (Ct.App.1998); *Preferred Sav. Bank, Inc. v. Elkholy,* 303 S.C. 95, 399 S.E.2d 19 (Ct.App.1990). We decline petitioner's invitation to extend our interpretation of this statute so as to permit or to require immediate appeal of orders denying bifurcation of the issues of liability and damages.

In a matter decided pursuant to § 14–3–330(2), this Court recently held that a trial court's order denying a change of venue "did not 'affect' the defendant's right to venue in the county of its residence because any error in the order can be corrected on appeal following the trial." See *Breland v. Love Chevrolet Olds, Inc.,* 339 S.C. 89, 529 S.E.2d 11 (2000) (citing *Knowles v. Standard Sav. & Loan Ass'n,* 274 S.C. 58, 261 S.E.2d 49 (1979)). Such is the case here. This procedure will advance the salutary consideration of avoiding "piecemeal litigation" which would occur if immediate review of such pretrial motions were either mandated or permitted. *Id.*

Petitioner argues that the recent Court of Appeals decision in *Flagstar Corp. v. Royal Surplus Lines,* 332 S.C. 182, 503 S.E.2d 497 (Ct.App.1999), in which the court held that a trial court's order granting bifurcation of issues in a contract case was immediately appealable, constitutes an implicit holding that a Rule 42(b) order is immediately appealable if it deprives a party of a mode of trial to which it is entitled as a matter of right. *Flagstar,* which was consolidated with this case for argument, affords no comfort to the petitioner in that we have this date reversed the Court of Appeals' holding in that case.

---

4. S.C. Const. art. I, § 14.

*Flagstar Corp. v. Royal Surplus Lines,* 341 S.C. 68, 533 S.E.2d 331 (2000).

We therefore hold that an order denying bifurcation of the issues of liability and damages in a personal injury case is not immediately appealable, either permissibly or mandatorily, pursuant to S.C.Code Ann. § 14-3-330(2) (1976).

## CONCLUSION

Based on the foregoing discussion, the order of the Court of Appeals is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, and BURNETT, JJ., concur.