533 S.E.2d 331

FLAGSTAR CORPORATION, Flagstar Companies, Inc., Denny's Inc., and Denny's Holdings, Inc., Petitioners,

v.

ROYAL SURPLUS LINES and Royal Indemnity Company, Respondents.

No. 25150.

Supreme Court of South Carolina.

Heard April 4, 2000.

Decided June 12, 2000.

Rehearing Denied July 7, 2000.

William U. Gunn, Perry D. Boulier, and Ginger D. Goforth, all of Holcombe, Bomar, Gunn and Bradford, P.A., of Spartanburg, for petitioners.

Norman C. Kleinberg, George A. Tsougarakis, of Hughes, Hubbard & Reed, L.L.P of New York, NY, for petitioners.

Andrew K. Epting, Jr., and G. Trenholm Walker of Pratt–Thomas, Pearce, Epting & Walker, P.A. of Charleston, for respondents.

PLEICONES, Justice:

We granted certiorari to review a decision of the Court of Appeals[1] granting immediate appellate review of a trial court's order requiring bifurcation of issues and discovery in a contract case. We hold this order is not immediately appealable under S.C.Code Ann. § 14–3–330(2) (1976), and therefore reverse and remand for trial.

## ISSUES

Is an order granting bifurcation of issues in a contract case immediately appealable?[2]

Is an order bifurcating discovery immediately appealable?

## FACTS

Petitioners ("Flagstar") operate restaurants throughout the United States. Two class actions were filed against Flagstar in United States District Courts, in addition to which numerous individual claims alleging discriminatory treatment of African–American patrons were filed. Those claims were settled, and Flagstar brought this declaratory judgment action alleging that an insurance policy issued by respondents ("Royal") provides coverage for the discrimination claims. This policy includes a provision which purports to exclude "bodily

---

1. 332 S.C. 182, 503 S.E.2d 497 (Ct.App.1998).

2. This case was consolidated for argument with *Senter v. Piggly Wiggly Co., Inc.*, 341 S.C. 74, 533 S.E.2d 575 (2000), which addresses the appealability of a trial court order denying bifurcation of the issues of liability and damages in a tort case.

injury" or "personal injury" that "arises on the basis of race ... color ... [or] national origin." (Exclusion "C") The policy nonetheless defines "personal injury" as injury "arising out of ... discrimination." The insuring agreement further provides that the insurer covers obligations which the insured may become legally obligated to pay as a result of damages arising from "personal injury" stemming from an "occurrence."

Royal moved for judgment on the pleadings pursuant to Rule 12(c), SCRCP, asserting that coverage for race-based injury claims was barred under Exclusion C. After that motion was denied, Flagstar moved for bifurcation of the trial into two distinct phases, pursuant to Rule 42(b), SCRCP. This rule provides for separate trials of any "separate issue" as long as the right to trial by jury[3] is preserved inviolate. Flagstar proposed that a jury would first determine whether Exclusion C operated to preclude coverage. If so, the litigation would end adversely to Flagstar. If not, trial would proceed on to the issues of whether the acts constituted "occurrences" or "personal injury" under the policy.

The trial judge, over the objection of Royal,[4] granted the motion for bifurcation. In addition to bifurcating the issues for trial, the order bifurcated discovery. The trial judge noted that Royal had, in its Rule 12(c), SCRCP motion, demonstrated "... some recognition on its part that Exclusion C and its application in this case are [sic] a critical, threshold issue in this case."

The Court of Appeals initially dismissed the appeal on the order of a single judge, but a full panel thereafter determined that the order was immediately appealable, and reversed the trial court on the merits of the Rule 42(b) bifurcation. In reversing the trial court, the Court of Appeals held:

> Given the complexities of the insurance coverage issues in this case, we hold that the trial court erred in granting the motion for separate trials. Rule 42(b) SCRCP, contains a distinct issue requirement. Clearly this case presents over-

---

3. S.C. Const. art. 1, § 14.

4. Royal argued that whether or not exclusion(s) applied could not be determined until it was determined whether or not covered events had occurred. Royal further asserted that the issues in the case were so inextricably intertwined that the issues could not be tried separately.

lapping issues and ambiguity in the contract terms. Because this court has concluded there are overlapping issues that entitle Royal to one trial on both coverage and exclusion we also conclude that under *Fortune*[5], Royal was entitled to a single trial under Rule 42(b). Therefore, denial of a single trial amounts to denial of a mode of trial and is appealable.

We granted certiorari, and now reverse.

## DISCUSSION

■ Royal successfully argued in the Court of Appeals that the order granting bifurcation was immediately appealable. The Court of Appeals then held that the trial court had erroneously granted bifurcation in that the complexity of the issues involved in this insurance contract litigation[6] were overlapping, and could not meet the "separate issue" requirement of Rule 42(b). Because the Court of Appeals erred in deciding the threshold question of appealability, we do not reach the issue of whether or not the trial court's order granting bifurcation was correct.

Royal argues that the order granting bifurcation of the issues and discovery was immediately appealable because that grant triggered the operation of S.C.Code Ann. § 14–3–330(2)(1976), the pertinent portion of which is:

· The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review on appeal:

. . .

(2) an order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, . . . or (c) strikes out an answer or any part thereof or any pleading in any action

. . .

---

**5.** *Fortune v. Gibson,* 304 S.C. 279, 403 S.E.2d 674 (Ct.App.1991).

**6.** The litigation was declared complex pursuant to agreement of the parties.

Royal reasons that since it requested a jury trial, and since bifurcation of the issues deprived it of that mode of trial to which it is entitled as a matter of right, the order granting bifurcation was immediately appealable. The Court of Appeals agreed with Royal's thesis that the issues in this case were not capable of separate consideration by a fact finder or fact finders, and thus the order was immediately appealable. We disagree.

Pursuant to § 14–3–330(2), this Court has held on numerous occasions that when a trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right, such order is immediately appealable. *Lester v. Dawson* 327 S.C. 263, 491 S.E.2d 240 (1997); *C & S Real Estate Services, Inc., v. Massengale* 290 S.C. 299, 350 S.E.2d 191 (1986); *Creed v. Stokes* 285 S.C. 542, 331 S.E.2d 351 (1985); *First Union National Bank of South Carolina v. Soden,* 333 S.C. 554, 511 S.E.2d 372 (Ct.App.1998); *Preferred Sav. Bank, Inc. v. Elkholy* 303 S.C. 95, 399 S.E.2d 19 (Ct.App.1990). These cases not only permit, but indeed require, immediate appeal in the event of denial of a mode of trial to which one is entitled as a matter of right. Failure to immediately appeal such an order forever bars appellate review. See, e.g., *Creed v. Stokes, supra.*

An order granting bifurcation of issues for trial simply does not strike to the heart of this Court's traditional analysis of claims of denial of a mode of trial. That analysis proceeds by determining whether or not a party is erroneously denied a trial by jury in a law case, or is erroneously required to proceed before a jury in an equity case.[7] In this case, no party is denied the right to a trial by jury. Moreover, after trial, Royal will be free to advance on appeal that the trial judge abused his discretion in ordering bifurcation and that it has thereby been effectively deprived of a fair and/or fully informed fact finder. An abuse of discretion, if any, by the

7. Flagstar has argued that the Court of Appeals "placed the cart before the horse" in first determining the inappropriateness of the bifurcation order, and thereafter bootstrapping the issue of appealability. While we agree that the analysis was incorrect in that the threshold question of appealability was erroneously decided, we nonetheless point out that some minimal inquiry will always be necessary on the part of an appellate court considering the appealability of an order which is alleged to have deprived a party of a mode of trial.

trial court in its ruling can be corrected at that time.[8] *See Breland v. Love Chevrolet,* 339 S.C. 89, 529 S.E.2d 11 (2000) (immediate appeals under § 14–3–330(2) are permitted only where the alleged error cannot be corrected by a new trial). To hold otherwise would require this Court to, *inter alia,* predetermine the admissibility of evidence in advance of trial,[9] to pass upon matters of pretrial discovery and to engage in "piecemeal litigation." *Breland v. Love Chevrolet, supra.*

■ In short, trial of all issues in the case in a single proceeding is not a mode of trial to which the parties are entitled as a matter of right. Any abuse of discretion on the part of the trial court in severing issues for trial may be appealed after the trial, and after full development of the evidence. We therefore hold that an order granting separate trials of issues in a contract case is not immediately appealable, either permissibly or mandatorily, pursuant to S.C.Code Ann. § 14–3–330(2) (1976). This ruling also disposes of the second issue of whether the portion of the order bifurcating discovery is immediately appealable. *See also Patterson v. Spector Broadcasting Corp.,* 287 S.C. 249, 335 S.E.2d 803 (1985) (discovery orders are not directly appealable).

## CONCLUSION

Based on the foregoing discussion, the opinion of the Court of Appeals is

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER, JJ., and Acting Justice ERNEST A. FINNEY, Jr., concur.

---

**8.** Our ruling should not be interpreted by the trial bench as in any way lessening the level of responsibility of the trial judge to determine appropriate severability in deciding a Rule 42(b) motion. In exercising their discretion, trial judges should take care to analyze whether or not the issues are overlapping or not distinct, in determining whether or not the "separate issue" mandate of Rule 42(b) is met.

**9.** *See Senter, supra,* fn. 1.