607 S.E.2d 707

**Ernest HAGOOD, Petitioner,**

v.

**Brenda S. SOMMERVILLE, Respondent.**

**No. 25918.**

Supreme Court of South Carolina.

Heard Oct. 20, 2004.

Decided Jan. 4, 2005.

James H. Moss and H. Fred Kuhn, Jr., of Moss, Kuhn & Fleming, P.A., of Beaufort, for Petitioner.

A. Parker Barnes, Jr., of Beaufort, for Respondent.

JUSTICE BURNETT:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Hagood v. Sommerville*, S.C. Ct. App. Order dated May 22, 2003 (unpublished order). We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Ernest Hagood (Petitioner) sued Brenda S. Sommerville (Respondent) after Petitioner allegedly was injured in 1997

when he was struck by Respondent's vehicle while riding a bicycle. Petitioner was represented by James H. Moss (Petitioner's Attorney). Respondent moved to disqualify Barton J. Adams (Adams) from testifying as an expert witness for Petitioner because Adams is employed full-time by Petitioner's Attorney as a professional investigator and accident reconstruction expert.[1]

The trial court gave Petitioner two options: (1) do not use Adams as a witness, but find another expert witness and proceed to trial with Petitioner's Attorney; or (2) Petitioner's Attorney may withdraw due to the disqualification, Petitioner may retain new counsel, and use Adams as an expert witness at trial. Petitioner's Attorney withdrew.

Following the Court of Appeals' dismissal of Petitioner's case, we granted the petition for a writ of certiorari to consider an issue of first impression in South Carolina: Is an order which grants a motion to disqualify a party's attorney immediately appealable?

## STANDARD OF REVIEW

In a case raising a novel question of law, the appellate court is free to decide the question with no particular deference to the lower court. *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (citing S.C. Const. art. V, §§ 5 and 9, S.C.Code Ann. § 14–3–320 and –330 (1976 & Supp. 2003), and S.C.Code Ann. § 14–8–200 (Supp. 2003)); *Osprey, Inc. v. Cabana Ltd. Partnership,* 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000) (same); *Clark v. Cantrell,* 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000) (same).

## LAW AND ANALYSIS

The right of appeal arises from and is controlled by statutory law. *North Carolina Federal Sav. and Loan Ass'n v. Twin States Dev. Corp.,* 289 S.C. 480, 347 S.E.2d 97 (1986). An appeal ordinarily may be pursued only after a party has obtained a final judgment. *Mid–State Distributors, Inc. v.*

---

1. We describe Adams as an "expert" witness because that is the description used by the parties. We express no opinion on his potential qualification as an expert at trial.

*Century Importers, Inc.,* 310 S.C. 330, 335, 426 S.E.2d 777, 781 (1993); S.C.Code Ann. § 14-3-330(1) (1976); Rule 72, SCRCP; Rule 201(a), SCACR.

■ The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by S.C.Code Ann. § 14-3-330 (1976 & Supp.2003). An order generally must fall into one of several categories set forth in that statute in order to be immediately appealable. *Baldwin Constr. Co. v. Graham,* 357 S.C. 227, 593 S.E.2d 146 (2004); *Woodard v. Westvaco Corp.,* 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), *overruled on other grounds, Sabb v. S.C. State Univ.,* 350 S.C. 416, 567 S.E.2d 231 (2002); *Mid-State Distributors,* 310 S.C. at 333 n. 3, 426 S.E.2d at 780 n. 3.

Petitioner argues the order in his case is immediately appealable under S.C.Code Ann. § 14-3-330(2) (1976) because it affects a substantial right, namely, the right to proceed with a lawyer of his choosing. Petitioner relies on foreign authority to argue the right would likely be lost if not immediately appealed. If a new trial were ordered after an appeal in the distant future, the preferred attorney may not be available or a litigant may not be able to afford the attorney for a second trial. Further, a litigant would find it difficult or impossible to show prejudice resulting from the disqualification order in a later appeal.

Respondent argues the order does not affect a substantial right as the term is defined in Section 14-3-330(2). If the trial court erred in disqualifying Petitioner's attorney, Petitioner may protect his rights by challenging the errors in an appeal following a final judgment.

■ An order affects a substantial right and is immediately appealable when it "(a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action[.]" Section 14-3-330(2). An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed. *Tatnall v. Gardner,* 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct.App.2002).

■   The provisions of Section 14–3–330, including subsection (2), have been narrowly construed and immediate appeal of various orders issued before or during trial generally has not been allowed. Piecemeal appeals should be avoided and most errors can be corrected by the remedy of a new trial. *See e.g. Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93, 529 S.E.2d 11, 13 (2000) (order denying motion for change of venue is not immediately appealable because any error in the order can be corrected by new trial); *Senter v. Piggly Wiggly Carolina Co.*, 341 S.C. 74, 77–78, 533 S.E.2d 575, 577 (2000) (order denying bifurcation of trial on issues of liability and damages in personal injury case is not immediately appealable as affecting a substantial right); *Townsend v. Townsend*, 323 S.C. 309, 312, 474 S.E.2d 424, 427 (1996) (denial of motions for disqualification of a judge and for a continuance are interlocutory orders not affecting the merits, and thus are reviewable only on appeal from a final order); *Collins v. Sigmon*, 299 S.C. 464, 466, 385 S.E.2d 835, 836 (1989) (order allowing amendment of a pleading generally is not immediately appealable); *Ex parte Whetstone*, 289 S.C. 580, 347 S.E.2d 881 (1986) (order directing a party or a non-party to submit to discovery is not immediately appealable; instead, the party or non-party must be held in contempt before an appeal may be taken challenging the validity of the discovery order); *Tatnall*, 350 S.C. at 138, 564 S.E.2d at 379 (order denying motion to amend pleadings to assert third party claims was not immediately appealable because the order did not affect a substantial right).

In a well-established exception to the general rule, we repeatedly have held that the denial of a party's right to a particular mode of trial is immediately appealable as a substantial right under Section 14–3–330(2). *See Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000) ("Pursuant to § 14–3–330(2), this Court has held on numerous occasions that when a trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right, such order is immediately appealable.") (listing cases); *Creed v. Stokes*, 285 S.C. 542, 331 S.E.2d 351 (1985) (order referring case to master in equity affects the mode of trial, a substantial right, and party waived his objection to the reference and his right to jury trial by failing to immediately

appeal the order); *Bateman v. Rouse,* 358 S.C. 667, 675, 596 S.E.2d 386, 390 (Ct.App.2004) (purpose of immediate appeal on right to particular mode of trial is to preserve party's constitutional right to trial by jury which would otherwise be lost.)

There does not appear to be a clear majority view on the appealability of an order granting a motion to disqualify a party's attorney in a civil case. *See* David B. Harrison, *Appealability of State Court's Order Granting or Denying Motion to Disqualify Attorney,* 5 A.L.R.4th 1251 (1981) (discussing cases on both sides of issue).

The reasons most often cited by state courts which have concluded such an order may be immediately appealed include (1) the importance of the party's right to counsel of his choice in an adversarial system; (2) the importance of the attorney-client relationship, which demands a confidential, trusting relationship that often develops over time; (3) the unfairness in requiring a party to pay another attorney to become familiar with a case and repeat preparatory actions already completed by the preferred attorney; and (4) an appeal after final judgment would not adequately protect a party's interests because it would be difficult or impossible for a litigant or an appellate court to ascertain whether prejudice resulted from the lack of a preferred attorney. *See Goldston v. American Motors Corp.,* 326 N.C. 723, 392 S.E.2d 735, 737–38 (1990); *Russell v. Mercy Hosp.,* 15 Ohio St.3d 37, 472 N.E.2d 695, 697–98 (1984); *Richardson v. Griffiths,* 251 Neb. 825, 560 N.W.2d 430, 434–35 (1997); *Casco Northern Bank v. JBI Associates, Ltd.,* 667 A.2d 856, 859 n. 3 (Me.1995); *Parker v. Volkswagenwerk,* 245 Kan. 580, 781 P.2d 1099, 1104–05 (1989); *In re Estate of French,* 166 Ill.2d 95, 209 Ill.Dec. 677, 651 N.E.2d 1125, 1130–31 (Heiple and Freeman, JJ., dissenting).

■ We find persuasive the arguments of Petitioner and the reasoning expressed by other jurisdictions which allow immediate appeal of such orders. We conclude an order granting a motion to disqualify a party's attorney in a civil case affects a substantial right and may be immediately appealed under Section 14–3–330(2). Such an order implicitly falls within the statutory definition of a substantial right under Section 14–3–330(2)(a). The right to be represented by an attorney of ones choosing is one of those rare orders which, in

effect, could determine the action and prevent a judgment from which an appeal might be taken, or could discontinue an action due to the potential impact on both the attorney-client relationship and the overall litigation and trial of the case. Moreover, the right to be represented by ones preferred attorney is closely related to the right to a particular mode of trial, a well-established substantial right.

Deprivation of the right to ones preferred attorney would affect the attorney-client relationship, which is extremely important in our adversarial system. Furthermore, an appeal after final judgment and a new trial, if granted, would not adequately protect a party's interests because it would be difficult or impossible for the affected party or the appellate court to ascertain by any objective standard whether prejudice resulted from the disqualification.

■ We further conclude, as we have with regard to the right to a particular mode of trial, an order granting a motion to disqualify a party's preferred attorney *must* be immediately appealed or any later objection in a subsequent appeal will be waived. *Cf. Flagstar Corp.,* 341 S.C. at 72, 533 S.E.2d at 333 (party is required to immediately appeal if denied a mode of trial to which he is entitled as a matter of right, and failure to do so forever bars appellate review of the issue).

■ The circuit court concluded it would be improper under the Rules of Professional Conduct for an investigator or accident reconstruction expert who works as a full-time employee for Petitioner's Attorney to testify on Petitioner's behalf at trial.

The circuit court relied on Rule 3.7 of Rule 407, SCACR, which generally prohibits a lawyer from acting as an advocate at a trial in which the lawyer will be a necessary witness.[2]

---

**2.** Rule 3.7 states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) Disqualification of the lawyer would work substantial hardship on the client.

Respondent contends Rule 3.7 prohibits not only the attorney, but also the attorney's employee, from testifying at trial. Respondent has not cited and we have not found any authority supporting this proposition.

Nothing in Rule 3.7 or the accompanying comments indicates it is intended to prohibit an employee of an attorney from testifying in a case handled by the attorney in which there exists no conflict of interest between the attorney and client, or between the attorney's employee and client. Jurors are not likely to be confused by a lawyer's employee testifying as a witness for a client while the lawyer serves as the client's advocate. Jurors should readily perceive the distinction, particularly since the opposing party may emphasize the fact of the witness's employment.

Moreover, Rule 3.7(b) addresses situations in which a lawyer may testify as a witness in a case handled by a lawyer from the same firm, provided there are no conflicts of interest with clients or former clients. If this is permissible, it naturally follows that a non-lawyer employee of the firm may testify, subject, of course, to the rules of cross-examination. *See e.g.* Rules 607–609, SCRE (addressing admissibility of impeachment evidence relating to witness's bias or credibility).

## CONCLUSION

An order granting a motion to disqualify a party's attorney in a civil case affects a substantial right and may be immediately appealed under Section 14–3–330(2). Further, such an order must be immediately appealed or any later objection in a subsequent appeal will be waived. We find it unnecessary to address Petitioner's remaining issues and arguments. *See Whiteside v. Cherokee County School Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issues when resolution of prior issue is dispositive).

**REVERSED.**

---

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9 [which address conflicts of interest with clients or former clients].

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent. I agree with the majority that this attorney disqualification was unwarranted, but I would not reach that issue because, in my opinion, a disqualification order is not immediately appealable.

As the majority notes, the right of appeal is controlled by statute. S.C.Code Ann. § 14–3–330 (1976 and Supp. 2003); *N.C. Fed. Sav. and Loan Ass'n v. Twin States Dev. Corp.*, 289 S.C. 480, 481, 347 S.E.2d 97, 97 (1986). Attorney disqualification does not fall within the ambit of section 14–3–330(2)(a). Representation by a particular attorney does not in effect determine or discontinue the action, or prevent a judgment from which an appeal might be taken. *Compare Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93–95, 529 S.E.2d 11, 13–14 (2000) (holding that an order denying a motion to change venue is not immediately appealable under section 14–3–330(2)); *Senter v. Piggly Wiggly Carolina Co.*, 341 S.C. 74, 77–79, 533 S.E.2d 575, 577–78 (2000) (same with respect to an order denying a motion to bifurcate liability and damages); *Peterkin v. Brigman*, 319 S.C. 367, 368, 461 S.E.2d 809, 810 (1995) (same with respect to an order denying a motion to approve a settlement agreement).

I understand that proving on appeal that an attorney disqualification has prejudiced a party is difficult. Because appealability is governed by statute, however, this difficulty is a concern of the legislature, not the judiciary. I would affirm the decision of the Court of Appeals.