THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 John A. Gore, Respondent,
 v.
 Beneficial
 Mortgage Co. of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI
To the Court of Appeals

Appeal From York County
 S. Jackson Kimball, III, Special Circuit
Court Judge 

Memorandum Opinion No. 2008-MO-036
 Submitted August 6, 2008  Filed August
11, 2008

VACATED IN PART

 
 
 
 C. Mitchell Brown, B. Rush Smith, III, and Thad H. Westbrook, all of
 Nelson Mullins Riley & Scarborough, of Columbia, for Petitioner.
 John Martin Foster, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Petitioner
 seeks a writ of certiorari to review the Court of Appeals decision dismissing
 its appeal without prejudice.  We grant the petition as to the question of
 whether the Court of Appeals erred
 in including a finding related to the merits of the appeal in its opinion
 dismissing the appeal as interlocutory, dispense with further briefing, and vacate the decision of the Court
 of Appeals on that issue.  The petition for a writ of certiorari is denied as
 to petitioners remaining questions.
In its opinion dismissing petitioners
 appeal without prejudice, the Court of Appeals found the special circuit judge
 had the power to hear and rule upon respondents motion to restore.  The Court
 of Appeals drew a distinction between a want of jurisdiction, in which case the
 court has no power to adjudicate, and a mistake in the exercise of
 jurisdiction, in which case the action of the trial court is not void, though
 it is subject to direct attack.
The
 Court of Appeals should not have included its finding concerning jurisdiction. 
 Even if the special circuit judge did not have jurisdiction, his order was not immediately appealable.  Deskins
 v. Boltin, 319 S.C. 356, 461 S.E.2d 395 (1995);  Woodard v. Westvaco
 Corp., 319 S.C. 240, 460 S.E.2d 392 (1995), overruled on other grounds
 by Saab v. S.C. State Univ., 350 S.C. 416, 567 S.E.2d 231 (2002). 
 Because the order was not immediately appealable, the Court of Appeals should
 not have addressed the merits.  Therefore, we vacate the portion of the Court
 of Appeals decision addressing the special circuit judges jurisdiction.  
VACATED IN PART.
WALLER,
 ACTING CHIEF JUSTICE, PLEICONES, BEATTY and KITTREDGE, JJ., concur. TOAL, C.J.,
 not participating.