**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Beverley D. Wilson, Appellant,

v.

Stephen P. Williams, Respondent.

Appellate Case No. 2013-002688

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2015-UP-236
Submitted February 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Beverley D. Wilson, of Orangeburg, pro se.

Michael D. Glenn, of Glenn, Haigler & Stathakis, LLP, of Anderson, for Respondent.

**PER CURIAM:** Beverley Wilson sued her former attorney, Stephen P. Williams, for professional negligence. Wilson appeals the trial court's dismissal of her case, arguing it erred in (1) not considering her motion to add Haynsworth, Sinkler, Boyd, P.A., as a codefendant, (2) denying her motion to appeal the change of venue, (3) denying her motion to amend her complaint to add an expert affidavit,

and (4) granting Williams's motion to dismiss. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the denial of Wilson's motion to add Haynsworth, Sinkler, Boyd, P.A., as a codefendant: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *West v. Newberry Elec. Coop.*, 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (stating where the trial court did not explicitly rule on the appellant's argument and the appellant did not raise the issue in a Rule 59(e), SCRCP, motion to alter or amend the judgment, the issue was not preserved); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.").

2. As to the denial of Wilson's motion to appeal the change of venue: *Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93-95, 529 S.E.2d 11, 13-14 (2000) (finding an order affecting the venue of a case is not immediately appealable and may be appealed only after the case is concluded in the trial court).

3. As to the denial of Wilson's motion to amend her complaint to add an expert affidavit and the granting of Williams's motion to dismiss: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6),[ SCRCP,] an appellate court . . . construe[s] the complaint in a light most favorable to the nonmovant and determine[s] if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (internal citations and quotation marks omitted)); *Duncan v. CRS Sirrine Eng'rs, Inc.*, 337 S.C. 537, 542, 524 S.E.2d 115, 118 (Ct. App. 1999) ("Courts have wide latitude in amending pleadings and '[w]hile this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal. The trial [court's] finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred.'" (citation omitted) (quoting *Berry v. McLeod,* 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997))); S.C. Code Ann. § 15-36-100(B) (Supp. 2014) ("[I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina . . . , the plaintiff must file as part of the complaint an affidavit of an expert witness[,] which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit."); S.C. Code Ann. 15-

36-100(G) (Supp. 2014) (stating section 15-36-100 applies to attorneys at law); S.C. Code Ann. § 15-36-100(F) (Supp. 2014) (stating if a plaintiff fails to file the required expert affidavit and, contemporaneously with its initial responsive pleading, the defendant files a motion to dismiss the complaint for failure to file the affidavit, the complaint cannot be renewed after the applicable period of limitation expires "unless a court determines that the plaintiff had the requisite affidavit within the time required pursuant to [section 15-36-100] and the failure to file the affidavit is the result of a mistake").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.