**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glen Fleming, Respondent,

v.

Vance Fleming, Appellant.

Appellate Case No. 2022-000685

———————

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-256
Submitted June 1, 2025 – Filed July 23, 2025

———————

**APPEAL DISMISSED**

———————

William H. Edwards, of Moore Bradley Myers Law
Firm, of West Columbia, for Appellant.

Glen Fleming, of Jacksonville, Florida, pro se.

———————

**PER CURIAM:** Vance Fleming (Vance) appeals the circuit court's order granting Glen Fleming's (Glen's) appeal from the magistrate court and remanding the action against Vance to the magistrate court. On appeal, Vance argues the circuit court erred in finding the magistrate court had subject matter jurisdiction over the ejectment of trespassers action because the title to the subject property was in question. We dismiss the appeal pursuant to Rule 220(b), SCACR.

We hold the order granting Glen's appeal and remanding to the magistrate court is interlocutory and not immediately appealable.  Therefore, we dismiss the appeal. *See Ashenfelder v. City of Georgetown*, 389 S.C. 568, 571, 698 S.E.2d 856, 858 (Ct. App. 2010) ("An appellate court may determine the question of appealability . . . as a matter of law."); Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order or decision."); S.C. Code Ann. § 14-3-330(1) (2017) (specifying our appellate courts have jurisdiction over "[a]ny intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from"); S.C. Code Ann. § 14-3-330(2) (2017) (stating our appellate courts may review "[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action"); *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final."); *Hagood v. Sommerville*, 362 S.C. 191, 195, 607 S.E.2d 707, 709 (2005) ("An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed."); *Stone v. Thompson*, 426 S.C. 291, 295, 826 S.E.2d 868, 870 (2019) ("The provisions of section 14-3-330 are narrowly construed and serve the underlying policy favoring judicial economy by avoiding 'piecemeal appeals.'" (quoting *Hagood*, 362 S.C. at 196, 607 S.E.2d at 709)).

**APPEAL DISMISSED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.