**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Peter Bouharoun, Opus Petrus, LLC, Appellants,

v.

Bouharoun Package Store, Inc., Patricia Bouharoun, Respondents.

Appellate Case No. 2025-000318

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-094
Submitted February 3, 2026 – Filed February 25, 2026

———————

**DISMISSED**

———————

Bruce Wyche Bannister and Ryan Whitmore Pasquini, both of Bannister, Wyatt & Stalvey, LLC; and Luke Anthony Burke, of Burke Law, LLC, all of Greenville, for Appellants.

Andrew A. Mathias and Konstantine Peter Diamaduros, both of Maynard Nexsen, of Greenville, for Respondents.

———————

**PER CURIAM:** Peter Bouharoun (Peter) and Opus Petrus, LLC (collectively, Appellants) appeal the circuit court's order granting Bouharoun Package Store, Inc.

and Patricia Bouharoun's (Patricia) (collectively, Respondents') motion for a protective order. Appellants argue the circuit court erred in finding Patricia's executed estate planning documents were protected by the attorney-client privilege during her lifetime. We dismiss Appellants' appeal because the circuit court's order is not immediately appealable.

We hold the circuit court's order granting Respondents' motion for a protective order is an interlocutory discovery order that is not immediately appealable because it does not involve the merits of the case or affect a substantial right. *See Ex parte Cap. U-Drive-It, Inc.*, 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006) ("The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by [section 14-3-330 of the South Carolina Code (2017)]."); § 14-3-330 (providing that only final judgments and certain interlocutory orders are immediately appealable); *Hagood v. Sommerville*, 362 S.C. 191, 195, 607 S.E.2d 707, 709 (2005) ("An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed."); *Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008) (recognizing "discovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the appealability statute, involve the merits of the action or affect a substantial right"); *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) ("If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory."); *Burkey v. Noce*, 398 S.C. 35, 37, 726 S.E.2d 229, 230 (Ct. App. 2012) ("An interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right."); *Watson v. Underwood*, 407 S.C. 443, 458, 756 S.E.2d 155, 163 (Ct. App. 2014) ("An order 'involves the merits,' as that term is used in [s]ection 14-3-330(1)[,] and is immediately appealable when it finally determines some substantial matter forming the whole or part of some cause of action or defense." (alterations in original) (quoting *Ex. parte Cap. U-Drive-It, Inc.*, 369 S.C. at 7, 630 S.E.2d at 467)); *Hagood*, 362 S.C. at 195, 607 S.E.2d at 709 ("An order affects a substantial right and is immediately appealable when it '(a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action[.]'" (alteration in original) (quoting § 14-3-330(2)); *id.* at 196, 607 S.E.2d at 709 ("The provisions of [s]ection 14-3-330, including subsection (2), have been narrowly construed and immediate

appeal of various orders issued before or during trial generally has not been allowed.").[1]

**DISMISSED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] In light of our disposition of the appeal, we decline to address Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.